JUDGE CROTTY

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Deirdre Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

Jennifer L. Liu
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (646) 509-2092

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* forthcoming)
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831



14 CV 2712

RECEIVED
APR 18 2014
U.S.D.C. S.D. N.Y.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA ABOUD, WILLIAM HICKS, MICHAEL POROWSKI, and ALBERT SCHWEIZER, individually and on behalf all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>CHARLES SCHWAB & CO., INC.,<br><br>               Defendant. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Dana Aboud, William Hicks, Michael Porowski, and Albert Schweizer (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys at Outten and Golden LLP and Shavitz Law Group, P.A., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1.      Plaintiffs, Associate Financial Consultants ("AFCs"), Branch Extension Financial Consultants and/or CDT Financial Consultants (collectively, "CDT-FCs"), and Active Trader Sales Specialists ("ATSs") formerly employed by Defendant Charles Schwab & Co., Inc.

("Defendant" or "Charles Schwab"), bring this action on behalf of themselves and other similarly situated current and former AFCs, CDT-FCs, International CDT Financial Consultants ("Intl CDT-FCs"), and ATSs[1] (collectively, the "Covered Positions").

2.      Charles Schwab is a brokerage and banking company, and one of the country's leading discount brokerages.  Charles Schwab manages approximately $2.2 trillion in total assets and operates more than 300 branches in approximately forty-five (45) states, as well as several call centers across the country.

3.      Charles Schwab employs AFCs, CDT-FCs, Intl CDT-FCs, and ATSs in its branches and call centers across the country.  The primary duty of the Covered Positions is to cross-sell financial products to Charles Schwab existing brokerage and banking customers, and to perform other related customer service and clerical duties.

4.      The primary duties of the Covered Positions do not fall under any of the exemptions under federal or state overtime laws.

5.      As a matter of company policy, Charles Schwab has failed to pay the Covered Positions overtime wages to which the Covered Positions, including Plaintiffs, are entitled.

6.      By the conduct described in this Complaint, Charles Schwab has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as well as various state labor laws, by denying the Covered Positions the overtime wages they have earned and to which they are entitled by law.

7.      Plaintiffs seek to recover unpaid wages that Charles Schwab owes them and similarly situated current and former AFCs, CDT-FCs, Intl CDT-FCs, and ATSs.  They bring this action under the FLSA on behalf of themselves and all similarly situated current and former employees in the Covered Positions who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

8.      Plaintiff Dana Aboud (the "California Plaintiff") also brings this action on behalf

---

[1]      "ATSs" also includes Senior Active Trader Sales Specialists.

of himself and all similarly situated current and former AFCs and Intl CDT-FCs of Charles Schwab who worked in California pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the California Wage Order 4-2001; California Labor Code §§ 201-203, 218.5, 226, 226.7, 510, 512, 1174, 1174.5, and 1194; California Business and Professions Code §§ 17200 *et seq.*, and related regulations; and the California Labor Code Private Attorneys General Act of 2004 ("PAGA") on behalf of the State of California (collectively, the "California Wage Laws").

9.     By the conduct described in this Complaint, Charles Schwab has willfully violated the FLSA, California Wage Laws, and other various state wage and hour laws by failing to pay the Covered Positions, including Plaintiffs, proper overtime wages as required by law.

## JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

11.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

12.     This Court also has supplemental subject matter jurisdiction over Plaintiff Aboud's state law claims pursuant to 28 U.S.C. § 1367.

13.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant regularly conducts business and is subject to the Court's personal jurisdiction in this District.

## THE PARTIES

**Plaintiffs**

***Plaintiff Dana Aboud***

15.     Dana Aboud ("Aboud") was employed by Defendant as an AFC from approximately April 2010 to April 2011.

16.     Pursuant to Defendant's policy, pattern, and/or practice, Aboud regularly worked

3

more than 40 hours in a workweek but was not compensated for overtime hours worked.

17.     A written consent form for Aboud is attached hereto as Exhibit A.

***Plaintiff William Hicks***

18.     William Hicks ("Hicks") was employed by Defendant as a CDT-FC from approximately 2006 to February 2010.

19.     Pursuant to Defendant's policy, pattern, and/or practice, Hicks regularly worked more than 40 hours in a workweek but was not compensated for overtime hours worked.

20.     A written consent form for Hicks is attached hereto as Exhibit B.

***Plaintiff Michael Porowski***

21.     Michael Porowski ("Porowski") was employed by Defendant as a CDT-FC from approximately October 2007 to approximately February 2010.

22.     Pursuant to Defendant's policy, pattern, and/or practice, Porowski regularly worked more than 40 hours in a workweek but was not compensated for overtime hours worked.

23.     A written consent from for Porowski is attached hereto as Exhibit C.

***Plaintiff Albert Schweizer***

24.     Albert Schweizer ("Schweizer") was employed by Defendant as an ATS from approximately 2005 to approximately February 2011.

25.     Pursuant to Defendant's policy, pattern, and/or practice, Schweizer regularly worked more than 40 hours in a workweek but was not compensated for overtime hours worked.

26.     A written consent form for Schweizer is attached hereto as Exhibit D.

**<u>Defendant</u>**

***Defendant Charles Schwab & Co., Inc.***

27.     Upon information and belief, Charles Schwab & Co., Inc. is a corporation doing business in New York, New York.

28.     Throughout the relevant period, Charles Schwab & Co., Inc. employed Plaintiffs and similarly situated employees within the meaning of the FLSA and California Wage Laws.

29.     Charles Schwab & Co., Inc. is a covered employer within the meaning of the

4

FLSA and California Wage Laws and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

30. At all times relevant, Charles Schwab & Co., Inc. maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

31. At all times relevant, Charles Schwab & Co., Inc.'s annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

*AFCs, CDT-FCs, and Intl CDT-FCs*

32. Plaintiffs Aboud, Hicks, and Porowski (the "AFC/CDT Plaintiffs") bring the First Cause of Action on behalf of themselves and all similarly situated current and former AFCs, CDT-FCs, and Intl CDT-FCs (collectively, "AFCs/CDTs") who work or have worked for Defendant within the relevant time period and who elect to opt into this action (the "AFC/CDT Collective").

33. The AFC/CDT Plaintiffs are similarly situated to other AFCs/CDTs.

34. Defendant failed to properly compensate the AFC/CDT Plaintiffs and other AFCs/CDTs under the same compensation policies including, but not limited to classifying them as exempt from the protections of the FLSA, encouraging them to work beyond their scheduled shifts without compensation, failing to allow them to record overtime hours they worked, and failing to compensate them for overtime hours they worked.

35. The AFC/CDT Plaintiffs and other AFCs/CDTs had substantially similar primary job duties.

36. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate the AFCs/CDTs Plaintiffs and other AFCs/CDTs. There are hundreds of similarly situated current and former AFCs/CDTs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defendant, are readily

identifiable, and can be located through Defendant's records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

***Active Trader Sales Specialists***

37.     Plaintiff Schweizer (the "ATS Plaintiff") brings the Second Cause of Action on behalf of themselves and all similarly situated current and former ATSs who worked for Defendant within the relevant time period and who elect to opt into this action (the "ATS Collective").

38.     The ATS Plaintiff is similarly situated to other ATSs.

39.     Defendant failed to properly compensate the ATS Plaintiff and other ATSs under the same compensation policies including, but not limited to classifying them as exempt from the protections of the FLSA, encouraging them to work beyond their scheduled shifts without compensation, failing to allow them to record overtime hours they worked, and failing to compensate them for overtime hours they worked.

40.     The ATS Plaintiff and other ATSs had substantially similar primary job duties.

41.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff Schweizer and other ATSs.  There are hundreds of similarly situated current and former ATSs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it.  Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

***The California Class***

42.     The California Plaintiff brings the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and AFCs and Intl CDT-FCs who work or have worked at any branch or call center

6

location in California at any time between November 7, 2009 and the date of final judgment in this matter (the "California Class Period") (the "California Class").

43.     Excluded from the California Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

44.     The persons in the California Class identified above are so numerous that joinder of all members is impracticable.  The California Plaintiff is informed and believes, and on that basis alleges, that during the California Class Period Defendant employed at least 100 persons who satisfy the definition of the California Class.

45.     Defendant acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the California Class as a whole.

46.     The Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

> a.     whether Defendant unlawfully failed to pay and continues to fail to pay overtime compensation in violation of the California Labor Code and related regulations, Cal. Labor Code §§ 201-03, 226, 510, 1174, 1174.5, and 1194; Cal. Wage Order No. 4-2001; and the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200 *et seq.*;
>
> b.     whether California Class members were and are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

7

     c.      whether Defendant's policy and pattern or practice of classifying California Class members as exempt from overtime entitlement under California law and Defendant's policy and pattern or practice of failing to pay overtime to California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

     d.      whether Defendant unlawfully failed and continues to fail to keep and furnish California Class members with records of hours worked in violation of California Labor Code §§ 226 and 1174;

     e.      whether Defendant's policy and pattern or practice of failing to pay employees all wages due within the time required by law after their employment ended violates California law; and

     f.      the nature and extent of California Class members' injuries and the appropriate measure of damages for California Class members.

47.     The California Plaintiff's claims are typical of the claims of the California Class he seeks to represent. The California Plaintiff and the California Class worked or work for Defendant and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) hours per workweek and/or eight (8) hours per workday. Defendant acted and refused to act on grounds generally applicable to the California Class, thereby making declaratory relief with respect to the California Class appropriate.

48.     The California Plaintiff will fairly and adequately represent and protect the interests of the California Class. The California Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the California Class to represent their interests fairly and adequately. The California Plaintiff recognizes that as the class representative, he must represent and consider the interests of the California Class just as he would represent and consider his own interests. The California Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the California Class. The California Plaintiff recognizes that any

resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Class. The California Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

49.     The California Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

50.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The California Class members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the California Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

51.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

52.     The primary duties of the Covered Positions include inside sales, production, customer service, and clerical tasks.

53.     Plaintiffs worked more than 40 hours during most weeks in which they worked for Defendant.

54.     Defendants failed to pay Plaintiffs and the members of the AFC/CDT and ATS Collectives and California Class overtime compensation for hours worked over 40 in a work week.

55.     Defendant failed to keep accurate records of the hours that Plaintiffs and the members of the AFC/CDT and ATS Collectives and California Class worked.

56.     Throughout the relevant period, it has been Defendant's policy and pattern or practice to require, suffer, or permit Plaintiffs and the members of the AFC/CDT and ATS Collectives and California Class to work in excess of forty hours per week without paying them overtime wages for all overtime hours worked.

57.     All of the work that Plaintiffs and the members of the AFC/CDT and ATS Collectives and California Class have performed has been assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiffs and the members of the AFC/CDT and ATS Collectives and California Class have performed.

58.     As a matter of company policy, Defendant classified all of the Covered Positions as exempt from the FLSA's overtime protections regardless of where they worked.

59.     Defendant did not perform a person-by-person analysis of each AFC's, CDT-FC's, Intl CDT-FC's, and ATS's job duties in making its decision to classify all of the Covered Positions as exempt.

60.     Plaintiffs and all members of the respective AFC/CDT and ATS Collectives and California Class performed the same primary job duties.

61.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the respective AFC/CDT and ATS Collectives and California Class. This policy and pattern or practice includes but is not limited to:

     a.     willfully failing to record all of the time that its employees, including Plaintiffs and the members of the AFC/CDT and ATS Collectives and California Class have worked for the benefit of Defendant;

     b.     willfully failing to keep payroll records as required by the FLSA;

     c.     willfully misclassifying Plaintiffs and the members of the AFC/CDT and ATS Collectives and California Class as exempt from the requirements of

10

the FLSA;

d.      willfully failing to pay Plaintiffs and the members of the AFC/CDT and

ATS Collectives and California Class overtime wages for hours that they

worked in excess of forty (40) hours per week; and

e.      willfully failing to pay Plaintiffs and the members of the AFC/CDT and

ATS Collectives and California Class timely as provided by applicable

law.

62.     Defendant is aware or should have been aware that the FLSA and the California

Wage Laws required them to pay employees performing non-exempt duties an overtime

premium for hours worked in excess of forty hours per week.

63.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### FLSA:  Unpaid Overtime Wages
**Brought by Plaintiffs Individually and on Behalf of the AFC/CDT and ATS Collectives**

64.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

65.     At all relevant times, Plaintiffs and other similarly situated current and former

Covered Positions were engaged in commerce and/or the production of goods for commerce

within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to

Defendant.

67.     Defendant was and is the employer of Plaintiffs and other similarly situated

current and former Covered Positions and are engaged in commerce and/or the production of

goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68.     At all relevant times, Plaintiffs and other similarly situated current and former

Covered Positions were and are employees within the meaning of 29 U.S.C. §§ 203(e) and

207(a).

11

69.     Defendant has failed to pay Plaintiffs and other similarly situated current and former Covered Positions the wages to which they were entitled under the FLSA.

70.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

71.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be tolled or extended by agreement, equity or operation of law.

72.     As a result of Defendant's willful violations of the FLSA, Plaintiffs and other similarly situated current and former Covered Positions have suffered damages by being denied wages in accordance with 29 U.S.C. §§ 201 *et seq.*, and are entitled to recovery of unpaid wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### California Wage Order No. 4-2001; California Labor Code §§ 510, 1194:  Unpaid Overtime Wages
### Brought by the California Plaintiff Individually and on Behalf of the California Class

73.     The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.     California law requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty (40) per workweek and over eight (8) per day.

75.     The California Plaintiff and California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

76.     Throughout the Class Period, and continuing through the present, the California Plaintiff and California Class members worked in excess of forty (40) hours in a workweek and eight (8) hours in a workday.

77.     During the Class Period, Defendant misclassified the California Plaintiff and California Class members as exempt from overtime pay entitlement and failed and refused to pay

them overtime premium pay for their overtime hours worked.

78.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, California Plaintiff and California Class members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## THIRD CAUSE OF ACTION
### California Labor Code §§ 201-03:  Wage Payment Violations
### Brought by the California Plaintiff Individually and on Behalf of the California Class

79.     The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.     California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

81.     The California Plaintiff and all members of the California Class who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

82.     More than thirty days have passed since the California Plaintiff and certain members of the California Class have left Defendant's employ.

83.     As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the California Plaintiff and the members of the California Class whose employment ended during the Class Period are entitled to thirty days' wages under California Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### California Wage Order No. 4-2001; California Labor
### Code §§ 226. 1174, & 1174.5:  Record-Keeping Violations
### Brought by the California Plaintiff Individually and on Behalf of the California Class

84.     The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Plaintiff and California Class members in accordance with California Wage Order No. 4-2001 and California Labor Code § 226(a).  Such failure caused injury to the California Plaintiff and the California Class, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, Defendant has failed to maintain records of hours worked by the California Plaintiff and California Class members as required under Labor Code § 1174(d).

86.     The California Plaintiff and California Class members are entitled to and seek injunctive relief requiring Defendant to comply with California Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under California Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

## FIFTH CAUSE OF ACTION
### California Wage Order No. 4-2001; California Labor
### Code §§ 218.5, 226.7, & 512:  Meal and Rest Period Violations
### Brought by Plaintiffs on Behalf of Themselves and the California Class

87.     The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88.     The California Plaintiff regularly worked, and California Class Members regularly worked and continue to work, in excess of five-hour shifts without being afforded at least a half-hour meal break during which they were or are relieved of all duty, as required by

14

California Wage Order No. 4-2001 and California Labor Code §§ 226.7 and 512.

89.     The California Plaintiff and California Class Members also regularly worked and continue to work without being afforded at least one ten-minute rest break during which they were or are relieved of all duty, per four hours of work performed or major fraction thereof, as required by California Wage Order No. 4-2001 and California Labor Code §§ 226.7.

90.     As a result of Defendant's failure to afford proper meal periods, Defendant is liable to the California Plaintiff and California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Wage Order No. 4-2001 and California Labor Code § 226.7.

## SIXTH CAUSE OF ACTION
### California Business & Professions Code §§ 17200 *et seq.*:  Unfair Competition Brought by the California Plaintiff Individually and on Behalf of the California Class

91.     The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL").  The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

93.     Beginning at a date unknown to the California Plaintiff, but at least as long ago as November 7, 2009, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendant's conduct as alleged herein has injured the California Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Plaintiff and the California Class.

94.     Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

    a.     FLSA, 29 U.S.C. §§ 201 *et seq.*;

b.      California Labor Code § 1194;

c.      California Labor Code §§ 201, 202, 203, 226, and 226.7;

d.      California Labor Code § 1174;

e.      California Labor Code § 510; and

f.      California Labor Code § 512.

95.      Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

96.      The unlawful and unfair business practices and acts of Defendant, described above, have injured California Class members in that they were wrongfully denied the payment of earned overtime wages.

97.      The California Plaintiff, on behalf of himself and the California Class, seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

98.      The California Plaintiff, on behalf of himself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, or eight (8) hours in a day, and double the regular rate of pay for work performed in excess of twelve (12) hours per day.

## SEVENTH CAUSE OF ACTION
### Violation of California's Private Attorney General Act;
### Cal. Labor Code §§ 2699 *et seq.*
### Brought by the California Plaintiff Individually and on Behalf of the California Class

99.      The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.      California's Labor Code Private Attorneys General Act, Cal. Labor Code §§ 2698 *et seq.* ("PAGA"), provides that an aggrieved employee bring a civil action on behalf of such

employee and other current and former employees to recover for any violation of a provision of California's Labor Code which provides for a civil penalty to be assessed and collected by the California Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards, agencies or employees (collectively, the "LWDA").

101.    Whenever the LWDA has discretion to assess a civil penalty, a court in a civil action is authorized pursuant to PAGA to exercise the same discretion to assess a civil penalty on behalf of aggrieved employees, subject to the same limitations and conditions.

102.    The California Plaintiff, on behalf of such plaintiff and the other members of the California Class are "aggrieved employees," as defined by the California Labor Code, § 2699(c) in that they are all current or former employees of Defendant, and one or more of the alleged violations was committed against them.

103.    The California Plaintiff, on behalf of all aggrieved employees in his capacity as private attorney general, seeks penalties under the California Labor Code and PAGA for the violations alleged against the Defendant in this complaint under California state law.

104.    Specifically, in such capacity, the California Plaintiff alleges the following violations and associated penalties:

    a.    Failure to Pay Overtime Wages:  Defendant failed to pay all overtime wages due to the California Plaintiff and other aggrieved employees, including but not limited to overtime wages due as the result of Plaintiff's mis-classification of such aggrieved employees as exempt, all in violation of the California Cal. Wage Order No. 4 and Cal. Labor Code §§ 510, 1194, as detailed in this Second Amended Class Action Complaint.

    b.    Failure to Pay Wages Timely Upon Termination:  Defendant failed to pay timely upon termination all wages due to the California Plaintiff and other aggrieved employees upon termination, including but not limited to overtime wages due as the result of Plaintiff's mis-classification of such aggrieved employees as exempt, all in violation of the California Labor

Code §§ 201 and 202, as detailed in this Second Amended Class Action Complaint.

c.    Failure to Provide Complete and Accurate Wage Statements:   Defendant failed to provide complete and accurate wage statements regarding all wages due to the California Plaintiff and other aggrieved employees, all in violation of the California Labor Code § 226(a) and the IWC Wage Orders, as detailed in this Second Amended Class Action Complaint.

d.    Failure to Keep Accurate Payroll Records:   Defendant failed to provide complete and accurate wage statements regarding all wages due to the California Plaintiff and other aggrieved employees, all in violation of the California Labor Code § 1174.5 and the IWC Wage Orders, as detailed in this Second Amended Class Action Complaint

e.    Failure to Provide Meal Periods:  Defendant failed to provide timely, uninterrupted meal periods of at least one-half hour due to the California Plaintiff and other aggrieved employees when working in excess of five-hour shifts, all in violation of the California Labor Code §§ 218.5, 226.7 & 512 and Wage Order No. 4-2001, § 11(a), as detailed in this Second Amended Class Action Complaint.

105.    These failures by Defendant were willful and constitute a violation of PAGA, thereby entitling the California Plaintiff to recover statutory penalties under the California Labor Code §§ 558 and 2599, *et seq.*

106.    Pursuant to the California Labor Code § 2699(a), (f) and (g) and related provisions, the California Plaintiff, as a private attorney general on behalf of all aggrieved employees, requests and is entitled to recover penalties against Defendant, jointly and severally, for each aggrieved employee per pay period for the initial violation and for each aggrieved employee per pay period for each subsequent violation, subject to any applicable cap.

107.   The California Plaintiff has satisfied the administrative prerequisites to assert and recover such penalties against Defendant under PAGA, including but not limited to applicable notice under the California Labor Code §§ 2699.3.

108.   Pursuant to the California Labor Code § 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent to the Labor and Workforce Development Agency and twenty-five percent to the aggrieved employees.

109.   Furthermore, the California Plaintiff, as a private attorney general on behalf of all other aggrieved employees, requests and is entitled to recover from Defendant, jointly and severally, interest, attorney's fees and costs pursuant to California Labor Code §§ 210, 218.5, 1194(a), and 2699.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons in the AFC/CDT and ATS Collectives, pray for the following relief:

A.   At the earliest possible time, the Plaintiffs should be allowed to give notice of this collective action, or the court issue such notice, to all persons who are members of the AFC/CDT and ATS Collectives.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.   Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

C.   An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

D.   Pre-judgment interest;

E.   Attorneys' fees and costs of the action; and

F.   Such other relief as this Court deems just and proper;

**AND WHEREFORE**, the California Plaintiff, individually and on behalf of all members of the class he represents, prays for the following relief:

19

A.   Certification of the state law claims in this action as class actions;

B.   Designation as a respective Class Representative;

C.   A declaratory judgment that the practices complained of herein are unlawful under the relevant state laws;

D.   Appropriate equitable and injunctive relief to remedy Defendant's violations of state laws, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E.   An award of damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendant according to proof;

F.   Restitution;

G.   Pre-judgment and post-judgment interest, as provided by law;

H.   Attorneys' fees and costs of suit, including expert fees and fees; and

I.   Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: April 16, 2014
New York, New York

Respectfully submitted,
**OUTTEN & GOLDEN LLP**

By:

Deirdre Aaron
Justin M. Swartz
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

20

Jennifer L. Liu
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile:  (646) 509-2092

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* forthcoming)
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

***Attorneys for Plaintiffs and the Putative Collective
and Rule 23 Class***

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against Charles Schwab Corp. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Outten & Golden LLP to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against Charles Schwab Corp. and/or any related entities or persons potentially liable.

Signature

Date 4/14/14

Print Daru Aboon

REDACTED

Address

City, State and Zip Code San Francisco, CA. 94122

# EXHIBIT B

## CONSENT TO BE A PARTY PLAINTIFF

    1. I consent to be a party plaintiff in a lawsuit against Charles Schwab Corp. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

    2. By signing and returning this consent form, I hereby designate Outten & Golden LLP to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

    3. I also consent to join any separate or subsequent action to assert my claims against Charles Schwab Corp. and/or any related entities or persons potentially liable.

_____
Signature

_____
Print   WILLIAM O. HICKS

REDACTED

_____
Date   4/15/14

_____
City, State and Zip Code   CAVE CREEK AZ 85331

# EXHIBIT C

## CONSENT TO BE A PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against Charles Schwab Corp. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Outten & Golden LLP to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against Charles Schwab Corp. and/or any related entities or persons potentially liable.

_____          Date 4/15/14
Signature

Mike Porowski
Print

REDACTED                            Denver, CO 80210
Address                             City, State and Zip Code

# EXHIBIT D

## CONSENT TO BE A PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against Charles Schwab Corp. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Outten & Golden LLP to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against Charles Schwab Corp. and/or any related entities or persons potentially liable.

_____         Date   4/15/2014
Signature

Albert P. Schweizer
Print

REDACTED                                   Gilbert, AZ 85233
Address                                    City, State and Zip Code