IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DANA ABOUD, WILLIAM HICKS, MICHAEL
POROWSKI, and ALBERT SCHWEIZER,
individually and on behalf all others similarly
situated,

                Plaintiffs,

v.

CHARLES SCHWAB & CO., INC.,

                Defendant.

No. 14 Civ. 2712 (PAC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-30-14

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement ("Motion for Preliminary Approval"). Although Defendant denies Plaintiffs' allegations, the parties have decided that a settlement is in their best interests. Accordingly, Defendant does not oppose the approval of the settlement sought by Plaintiffs' motion.

I. **Preliminary Approval of Settlement**

    1.    Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Revised Declaration of Justin M. Swartz ("Swartz Declaration"), the Supplemental Declaration of Justin M. Swartz, the Declaration of Gregg I.

Shavitz ("Shavitz Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") of Plaintiffs Dana Aboud, William Hicks, Michael Porowski, and Albert Schweizer (together, "Plaintiffs") and Defendant Charles Schwab & Co., Inc. ("Defendant") (together with Plaintiffs, the "Parties"), attached to the Swartz Declaration as Exhibit A, and "so orders" all of its terms.

2. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate.

3. The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution and defense of wage and hour class and collective actions.

## II. Conditional Certification of the Proposed Rule 23 Settlement for Settlement Purposes Only

4. For settlement purposes only and with no other effect on this Action, including no effect on the Action should the settlement not ultimately be approved or should the Settlement Effective Date not occur, the Court provisionally finds that the proposed class of all persons who worked for Schwab in the position of AFC or Intl CDT-FC in California from November 7, 2009 to February 15, 2014 (the "Rule 23 Class") meets the requirements for certification of Federal Rule of Civil Procedure 23, as follows:

    a. the California Plaintiff Dana Aboud ("California Plaintiff") satisfies Federal Rule of Civil Procedure 23(a)(1) because there are approximately 150 Rule 23 Class Members, (Swartz Decl. ¶ 31).

    b. the California Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because there are questions of law or fact common to the Rule 23 Class with respect to their

wage and hour claims.

    c.  the California Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because the California Plaintiff's claims are typical of the Rule 23 Class Members' claims.

    d.  the California Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because he will fairly and adequately protect the interests of the Rule 23 Class; and Plaintiffs' Counsel Outten & Golden LLP ("O&G") and Shavitz Law Group, P.A. ("Shavitz Law Group") meet the adequacy requirement of Rule 23(a)(4); Swartz Decl. ¶ 8; Shavitz Decl. ¶ 6.

    e.  the California Plaintiff satisfies Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to other available methods for an efficient adjudication of this controversy.

### III. Appointment of Plaintiffs' Counsel as Class Counsel

  5.  For settlement purposes only, the Court appoints O&G and Shavitz Law Group as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).

### IV. Notice

  6.  The Court approves the Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement, and Hearing Date for Court Approval and Consent to Join Settlement and Claim Form, attached as Exhibit A to the Supplemental Declaration of Justin M. Swartz, and the Proposed Notice of Pendency of Collective Action and Opportunity to Opt In, Proposed Settlement, and Hearing Date for Court Approval and Consent to Join Settlement and Claim Form (together, the "Proposed Notices"), attached as Exhibit B to the Supplemental Declaration of Justin M. Swartz.

  7.  The content of the Proposed Notices fully complies with due process and satisfies

Federal Rule Civil Procedure Rule 23(c)(2)(B) and the requirements of Rule 23(c).

V.  **Class Action Settlement Procedure**

8.  The Court hereby adopts the settlement approval process set forth in the Settlement Agreement.

9.  Neither this Order, Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or comparable state laws or rules, (b) that any party has prevailed in this case, or (c) that the Defendant or others have engaged in any wrongdoing. Further, in the event that the Settlement Effective Date of the settlement does not occur, this Order and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever with the sole exception of those provisions of the Settlement Agreement pertaining to its effect in the event that the Settlement Effective Date does not occur for any reason. The Settlement Agreement, however, may be admitted into evidence or otherwise used to enforce any of the terms of the Settlement Agreement.

10.  A hearing shall be held before this Court on "Wednesday October 22, 2014 at 4:00 [p m.] in Courtroom 14-C to consider whether the Settlement shall be given final approval by the Court.

It is so ORDERED this 30 day of June, 2014.

_____
Honorable Paul A. Crotty
United States District Judge