# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

DANA ABOUD, ALBERT SCHWEIZER,
WILLIAM HICKS and MICHAEL
POROWSKI,

          Plaintiffs,

    vs.

CHARLES SCHWAB & CO., INC.,

          Defendant.

-------------------------------------------------------- X

Case No. 14 Civ. 2712 (PAC)

**JOINT STIPULATION OF
SETTLEMENT AND RELEASE**

      Plaintiffs Dana Aboud, Albert Schweizer, William Hicks and Michael Porowski

individually and on behalf of all others similarly situated, and Defendant Charles Schwab & Co.,

Inc. by and through their respective counsel of record, agree to resolve the above-captioned case

through this Joint Stipulation of Settlement and Release.

## I. DEFINITIONS

      1.    "Action" means the Complaint that was filed pursuant to the Settlement in *Dana*

*Aboud, Albert Schweizer, William Hicks and Michael Porowski v. Charles Schwab & Co., Inc.*,

in the Southern District of New York.

      2.    "Schwab" means Defendant Charles Schwab & Co., Inc., and all of its respective

former and present parents, subsidiaries, and affiliated entities and their officers, directors,

employees, partners, registered representatives, insurers, shareholders, and agents, and any other

successors, assigns, or legal representatives.

      3.    "Claims Administrator" means CPT Group which shall perform the duties of (i)

using the data provided by Schwab to prepare and mail the Notices of Pendency and the Consent

to Join Settlement and Claim Form to Class Members; (ii) tracking returned Consent to Join

Settlement and Claim Form and Opt-Out Statements; (iii) notifying Schwab and Class Counsel

of timely and untimely claims; (iv) calculating the amounts due to each Class Member pursuant

to the Settlement; (v) notifying Schwab and Class Counsel of and resolving any disputes regarding claims by the Class Members, and (vi) preparing all required tax forms and all notices under the Class Action Fairness Act.

4. "Consent to Join Settlement and Claim Form" means Exhibit C, the form approved by Schwab and Class Counsel and subject to Court approval, which each Class Member must complete in full and mail, via first class mail with a postmark on or before the date 60 days following mailing, to recover a portion of the Settlement proceeds.

5. "Class" or "Class Members" or "Eligible Claimants" means the named Plaintiffs, Dana Aboud, Albert Schweizer, William Hicks and Michael Porowski and all persons who work or worked for Schwab in the Covered Positions in the United States and certain United States territories. "Class" or "Class Members" also shall refer collectively to the "Rule 23 Class Members" and "Non-Rule 23 Class Members," defined below.

6. "Class Representatives" or "Plaintiffs" mean Plaintiffs Dana Aboud, Albert Schweizer, William Hicks and Michael Porowski.

7. "Class Counsel" means Justin Swartz of Outten & Golden LLP and Gregg Shavitz of Shavitz Law Group, P.A.

8. "Class Members' State Claim and non-FLSA Released Period" or "Eligible Claimants' State Claim and non-FLSA Released Period" means the period from the commencement of the applicable statute of limitations period for the jurisdiction(s) in which the Class Member was employed by Schwab, as set forth in attached Exhibit D, through the date on which the Court's final approval of the Settlement is no longer appealable.

9. "Class Members' Federal Released Period" means the period from January 4, 2010 to the date on which the final approval of the Settlement is no longer appealable.

10. "Class Representatives' Released Period" means the period from the beginning of the Class Representatives' respective dates of employment by Schwab to the date on which the Court's final approval of the Settlement is no longer appealable.

16705413v.1

11.     "Compensable Work Weeks" means all full or partial weeks worked by Class Members in the Covered Positions between January 4, 2009 and the date of preliminary approval for those persons working in California, and between January 4, 2010 and the date of preliminary approval for those persons working in a state or territory other than California.

12.     "Court" refers to the United States District Court for the Southern District of New York.

13.     "Covered Positions" refers to:

(a) All persons who worked for Schwab in the position of Associate Financial Consultant ("AFC") or International CDT Financial Consultant ("Intl CDT-FC") in California from November 7, 2009 to February 15, 2014;

(b) all persons who worked for Schwab in the position of AFC or Intl CDT-FC in any state or territory other than California from November 7, 2010 to February 15, 2014;

(c) all persons who worked for Schwab in the position of CDT-FC/BET-FC ("CDT-FC") from November 7, 2010 to February 15, 2014;

(d) all persons who worked for Schwab in the position of AT Sales Specialist or Sr. AT Sales Specialist ("ATS") from November 7, 2010 to February 28, 2011.

14.     "Final Judgment" means the Order Granting Final Approval of Class Action and Collective Action Settlement and Judgment entered by the Court.

15.     "Non-Rule 23 Class Members" or "Collective Members" means all persons who work or worked for Schwab in the Covered Positions in the United States and certain United States territories who are not Rule 23 Class Members. Non-Rule 23 Class Members' claims arise under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. sections 201 et seq. ("FLSA"). They must affirmatively opt in to the Settlement pursuant to the FLSA by submitting valid and timely Consent to Join Settlement and Claim Forms in order to receive payment from the Settlement and release their claims, as further set forth in paragraphs 31, 47, and 48 below.

16.     "Notices of Pendency" mean the Notice of Pendency of Class Action and Opportunity to Opt-In, Proposed Settlement, and Hearing Date for Court Approval attached as

16705413v.1

Exhibit A, which the Claims Administrator will mail to each Rule 23 Class Member, subject to Court approval, explaining the terms of the Settlement and the claims process; and the Notice of Pendency of Collective Action and Opportunity to Opt-In, Proposed, Settlement, and Hearing Date for Court Approval attached as Exhibit B, which the Claims Administrator will mail to each Non-Rule 23 Class Member, subject to Court approval, explaining the terms of the Settlement and the claims process.

17.　　"Opt-Out Statement" means a written signed statement that an individual Rule 23 Class Member has decided to opt out and not be included in the Agreement.

18.　　"Parties" means the Class Representatives, Class Members and Schwab.

19.　　"Rule 23 Class Members" means all persons who work or worked for Schwab in the position of Associate Financial Consultant ("AFC") or International CDT Financial Consultant ("Intl CDT-FC") in California from November 7, 2009 to February 15, 2014. Rule 23 Class Members must affirmatively opt in to the Settlement by submitting valid and timely Consent to Join Settlement and Claim Forms in order to receive payment from the Settlement and release their FLSA claims as further set forth in paragraphs 31 and 48 below.

20.　　"Settlement" means this Joint Stipulation of Settlement and Release.

21.　　"Settlement Effective Date" means the first day following the last of the following occurrences:

(a)　　The date and time to appeal or seek permission to appeal or seek other judicial review of the entry of a Final Judgment approving the Settlement has expired with no appeal or other judicial review having been taken or sought; or

(b)　　If an appeal or other judicial review has been taken or sought, the date the Final Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review, or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

22.　　"Settlement Sum" means $3,800,000.00 to be paid by Schwab pursuant to this Settlement.

16705413v.1

## II. RECITALS

23.    Plaintiffs allege violations of the FLSA and various state wage and hour laws for overtime, failure to provide meal and rest periods, itemized wage statements, and all monies due upon termination. Plaintiffs contend that their Action is appropriate for class and collective action treatment. Schwab denies any liability or wrongdoing of any kind associated with the claims alleged, and contends that, for any purpose other than settlement, this Action is not appropriate for class or collective action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure or 29 U.S.C. § 216(b), respectively. Schwab further contends that it has complied with the FLSA and with all state wage and hour laws set forth in Exhibit D. Neither this Settlement, nor any final judgment in this Settlement, shall constitute an admission of any form of wrongdoing or liability on the part of Schwab or the accuracy of any allegation raised in the Action. This Settlement is entered into in compromise of disputed claims. Schwab denies all allegations of wrongdoing alleged in the Action. Plaintiffs and Schwab intend, by their actions pursuant to this Settlement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

24.    On September 10, 2013, Schwab and Class Counsel engaged in a full-day private mediation with David Rotman, Esq. Following mediation, Schwab and Class Counsel reached an agreement in principle to settle this matter, and have continued their negotiations, reaching this agreement to settle this Action on the terms set forth herein.

25.    Schwab and Class Counsel agree that the Court shall certify a class and a collective action solely for the purpose of implementing the terms of this Settlement.

26.    Class Counsel represent that they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the Class Members' claims against Schwab, including (i) interviewing Class Members and analyzing the results of Class Member interviews; (ii) reviewing relevant documents; (iii) researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best

interest of the Class Members in light of all known facts and circumstances, including the risk of loss, defenses asserted by Schwab, and significant delay.

27.     The entry of Final Judgment in this Action shall dismiss with prejudice all claims set forth in paragraphs 47-50 below, as set forth in the Action. Schwab and Class Counsel agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss this Action with prejudice.

## III.   TERMS OF SETTLEMENT

28.     Settlement Sum:

(a)     The total amount to pay the timely and valid claims of the Class Members ("Class Members' Distribution Amount") consists of the $3,800,000.00 Settlement Sum less the sums set forth at (1) through (5) of this subparagraph: (1) $1,266,666.67 in attorneys' fees and all litigation costs not to exceed $30,000.00, subject to proof of expense, to Class Counsel, subject to Court approval; (2) enhancement payments in the sum of $7,500.00 for each Class Representative, subject to Court approval; (3) a reasonable amount to the Claims Administrator to administer the Settlement, estimated at this time to be approximately $16,000.00; and (4) the sum of $10,000.00 to be paid to the California Workforce Development Agency as civil penalties pursuant to California Labor Code Section 2699(i) and (j). Under no circumstances will Schwab make settlement payments pursuant to this Settlement totaling in excess of $3,800,000.00, other than payment for the employer's share of payroll taxes as set forth below. This is a "claims made" settlement with no floor or minimum payout. All settlement funds for which no claim is made shall remain the property of Schwab, except with respect to the employer's share of payroll taxes. The employer's share of payroll taxes on the portions of the settlement designated as wages shall first be paid from any unclaimed funds. Should that amount be insufficient, then Schwab will be responsible for the balance of the employer's share of payroll taxes.

(b)     As more fully set forth in Paragraph 31, with respect to distribution of the Class Members' Distribution Amount to pay the timely and valid claims of the Class Members, Schwab and Class Counsel have developed a formula that results in the pro rata distribution to

each Class Member who elects to participate in the Settlement. Each Class Member may participate in the Settlement only if he/she submits a valid and timely Consent to Join Settlement and Claim Form. A Rule 23 Class Member may elect not to participate in the Settlement by timely submitting an Opt-Out Statement. If a Rule 23 Class Member does not submit a valid and timely Consent to Join Settlement and Claim Form, he/she cannot participate in the monies paid out under the Settlement but he/she still will be bound by the terms of the Settlement as to his/her state law and non-FLSA federal law claims if it is granted final approval by this Court. Any unclaimed portion of the Settlement Sum will remain the property of Schwab.

29.    Attorneys' Fees: Subject to the approval of the Court, Class Counsel will receive from the Settlement Sum $1,266,666.67, which represents one-third of the Settlement Sum, in attorneys' fees, and a sum not to exceed $30,000.00 for all costs and expenses (subject to proof of expense) incurred to compensate Class Counsel for the work already performed in this case and all work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, administering the Settlement, ensuring that the Settlement is fairly implemented and obtaining dismissal with prejudice of the Action. If the Court awards Class Counsel less than one-third of the Settlement Sum as fees or less than $30,000.00 in costs, the residual shall be added to the Class Members' Distribution Amount and distributed pro rata to those Class Members who submit valid and timely Consent to Join Settlement and Claim Forms.

30.    Enhancement Payments to Class Representatives: Conditioned upon the Class Representatives' execution of a general release in favor of Schwab, Schwab agrees that it will not oppose each Class Representative's application to the Court for an enhancement payment in the amount of $7,500.00. If the Court awards the Class Representatives less than $7,500.00, the residual shall be added to the Class Members' Distribution Amount and distributed on a pro rata basis to the Class Members who submit valid and timely Consent to Join Settlement and Claim Forms. Schwab will issue an IRS Form 1099 to the Class Representatives for their enhancement payments.

31.　　Distribution to Class Members: Only those Class Members who timely submit valid Consent to Join Settlement and Claim Forms will be paid pursuant to this Settlement according to the formula below. The gross amount distributed to each Class Member is based upon the number of Compensable Work Weeks he or she worked, whether a Compensable Work Week was worked in California, and which Covered Position(s) the Class Member was employed in by Schwab. If a Rule 23 Class Member timely submits a Consent to Join Settlement and Claim Form and an Opt-Out Statement, the Claims Administrator will contact the Rule 23 Class Member to attempt to ascertain if he or she intended to include or exclude himself or herself from the Settlement. If the Claims Administrator cannot reach the Rule 23 Class Member, the Consent to Join Settlement and Claim Form will be invalid and the Class Member will be excluded from the Settlement and will not be bound by the terms of the Settlement. To be timely, the Consent to Join Settlement and Claim Form must be mailed via first class mail with a postmark on or before the date 60 days following the mailing of the Notices of Pendency.

(a)　　Each Class Member who was employed by Schwab in a state or territory other than California as an AFC and who participates in the Settlement will receive 2 points for each Compensable Work Week he/she worked in a Covered Position between January 4, 2010 and the date of preliminary approval.

(b)　　Each Class Member who was employed by Schwab in California as an AFC and who participates in the Settlement will receive 3 points for each Compensable Work Week he/she worked in a Covered Position between January 4, 2009 and the date of preliminary approval.

(c)　　Each Class Member who was employed by Schwab in a state or territory other than California as an Intl CDT-FC or CDT-FC and who participates in the Settlement will receive 3.5 points for each Compensable Work Week he/she worked in a Covered Position between January 4, 2010 and the date of preliminary approval.

(d)　　Each Class Member who was employed by Schwab in California as an Intl CDT-FC and who participates in the Settlement will receive 4.5 points for each Compensable

Work Week he/she worked in a Covered Position between January 4, 2009 and the date of preliminary approval.

(e)     Each Class Member who was employed by Schwab in a state or territory other than California as an ATS and who participates in the Settlement will receive 5 points for each Compensable Work Week he/she worked in a Covered Position between January 4, 2010 and February 28, 2011.

(f)     Each Class Member who was employed by Schwab in a state or territory other than California as an SR ATS and who participates in the Settlement will receive 5.5 points for each Compensable Work Week he/she worked in a Covered Position between January 4, 2010 and February 28, 2011.

(g)     Tax Allocation: Schwab and Class Counsel agree that the settlement payments to Class Members are fifty-percent (50%) alleged wages subject to IRS Form W-2 reporting and withholding of all applicable local, state and federal taxes, and fifty-percent (50%) alleged penalties, liquidated damages, and interest, subject to IRS Form 1099 reporting. Schwab will pay its portion of payroll taxes and withholdings, first from any unclaimed settlement funds. Notwithstanding the treatment of the Settlement amounts above, none of the payments called for by this Settlement, including the wage portion of the Settlement, are to be treated as earnings or wages for any purpose of any Schwab benefit plan. The employee's portion of all applicable income and payroll taxes will be the responsibility of the individual Class Member receiving the Settlement Check or enhancement payment. Neither Schwab nor Class Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such. The Notices of Pendency shall state that Schwab and Class Counsel cannot provide tax advice, and that Class Members should seek independent advice regarding the taxability of any amount paid hereunder.

(h)     Settlement Payment Date: The Claims Administrator shall mail the Settlement payments to the eligible Class Members, the enhancement payments to the Class

9

Representatives, and the payment for attorneys' fees and all costs to Class Counsel within five business days following the Settlement Effective Date.

## IV. NOTICE TO CLASS MEMBERS

32.     A Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement, and Hearing Date for Court Approval ("Rule 23 Notice of Pendency"), in the form attached as Exhibit A and approved by the Court, shall be sent by the Claims Administrator to the Rule 23 Class Members, by first class mail, within thirty (30) days of the Court's approval thereof. A Notice of Pendency of Collective Action and Opportunity to Opt In, Proposed Settlement, and Hearing Date for Court Approval ("Non-Rule 23 Notice of Pendency") (together with the Rule 23 Notice, the "Notices of Pendency"), in the form attached as Exhibit B and approved by the Court, shall be sent by the Claims Administrator to the Non-Rule 23 Class Members, by first class mail, within thirty (30) days of the Court's approval thereof. Attached to the Notices of Pendency will be a Consent to Join Settlement and Claim Form, in the form attached as Exhibit C.

33.     Schwab shall provide to the Claims Administrator, within ten business (10) days following the Court's approval of the Notices of Pendency, a confidential database of all putative Class Members, including last known addresses, dates of employment in the Covered Positions, and social security numbers. This database shall be based on Schwab's payroll and other business records and will be provided to the Claims Administrator prior to the date for mailing of the Notices of Pendency. This database will be maintained as strictly confidential and used by the Claims Administrator for the sole purposes of administering the Settlement herein. Neither the database, nor any portion thereof, will be shared with Class Counsel. The Claims Administrator will provide to Class Counsel and to Schwab's counsel the name and dates of employment in each Covered Position of any Class Member who (1) objects in writing to the Settlement, (2) requests exclusion from the Settlement or (3) otherwise expresses any opposition to the Settlement, within five days of such occurrence.

16705413v.1

34. The Claims Administrator will use the United States Postal Service National Change of Address List to verify the accuracy of all addresses before the initial mailing date to ensure that the Notices of Pendency and the Consent to Join Settlement and Claim Form are sent to all Class Members at the addresses most likely to result in immediate receipt of the claim documents. It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Notices of Pendency and the Consent to Join Settlement and Claim Form. With respect to returned envelopes, the Claims Administrator will perform a routine skip trace procedure to obtain a current address and re-mail the envelope to such address within five (5) days of the receipt of the returned envelope.

35. If any Class Member files a defective Consent to Join Settlement and Claim Form postmarked before the claim filing deadline, then the Claims Administrator shall send a letter ("Cure Letter") to such Class Member informing him/her that his/her Consent to Join Settlement and Claim Form is defective and must be cured to become valid. The Claims Administrator must postmark the Cure Letter within three (3) business days of receiving a defective Consent to Join Settlement and Claim Form. The Cure Letter shall state that the Class Member has 15 calendar days from the date of the Cure Letter to postmark a revised Consent to Join Settlement and Claim Form. If a Class Member postmarks a revised claim more than 15 calendar days after the date of the Cure Letter, the claim will be invalid. If a Class Member responds to a Cure Letter by filing a defective claim, then the Claims Administrator shall have no further obligation to give notice of a need to cure. New Consent to Join Settlement and Claim Forms received after the filing deadline are considered invalid and, if defective, cannot be cured.

36. Class Counsel shall provide the Court, at least five (5) days prior to the final fairness hearing, a declaration by the Claims Administrator specifying the due diligence it has undertaken with regard to the mailing of the Notices of Pendency.

16705413v.1

## V. CLAIMS PROCESS

37.     Within thirty (30) days following the Court's approval of the Notices of Pendency, the Claims Administrator will mail to all Class Members the Notices of Pendency and the Consent to Join Settlement and Claim Form.

38.     Each Claim Form will list the number of Compensable Work Weeks that the Class Member held a Covered Position according to Schwab's records, as well as the estimated amount that the Class Member would receive upon filing a timely and valid Consent to Join Settlement and Claim Form. The Claim Form will contain a request that the Class Member confirm or dispute the information concerning his or her Compensable Work Weeks in a Covered Position.

39.     Class Members will have sixty (60) days from the mailing of the Notices of Pendency and Consent to Join Settlement and Claim Form to complete in full and return the Consent to Join Settlement and Claim Form, via first class mail with a postmark, on or before the date 60 days following mailing.  Rule 23 Class Members will have sixty (60) days from the mailing of the Rule 23 Notice of Pendency and Consent to Join Settlement and Claim Form to submit an Opt-Out Statement, via registered or certified mail, return receipt requested, on or before the date 60 days following mailing.  The Opt-Out Statement must state that the Rule 23 Class Member is opting out of the settlement, and include his or her name, job title, address, and telephone number, and must also state, "I opt out of the Charles Schwab overtime settlement". No Consent to Join Settlement and Claim Form or Opt-Out Statement will be honored if postmarked after the deadline to submit said forms.  All original Consent to Join Settlement and Claim Forms and/or Opt-Out Statements shall be sent directly to the Claims Administrator at the address indicated on the forms.

40.     Rule 23 Class Members shall have thirty (30) days from the date of mailing to object to the Settlement.  To be considered, a written objection must be mailed to the Claims Administrator via First-Class United States Mail, postage pre-paid, and be received by the Claims Administrator by a date certain thirty (30) days from the date of mailing of the Rule 23

Notice of Pendency. The written objection must include the words, "I object to the settlement in the Charles Schwab overtime case" as well as all reasons for the objection. Any reasons not included in the written objection will not be considered. The written objection must also include the name, job title, address, and telephone number of the Rule 23 Class Member making the objection. The Claims Administrator will stamp the date received on the original and send copies of each objection to Schwab and Class Counsel by email and overnight delivery no later than three (3) days after receipt thereof. The Claims Administrator will also provide to Class Counsel, who will promptly file with the Court, the date-stamped originals of any and all objections with the Court within three (3) days after the last day for any Rule 23 Class Member to object to the Settlement. The parties may file with the Court written responses to any filed objections no later than three (3) days before the fairness hearing.

A Rule 23 Class Member who files an objection to the settlement and who wishes to appear at the fairness hearing must state his or her intention to do so in writing on his or her written objection at the time he or she submits his or her written objection by including the words, "I intend to appear at the Fairness Hearing" in his or her written objection. A Rule 23 Class Member may withdraw his or her objections at any time. No Rule 23 Class Member may appear at the fairness hearing unless he or she has filed a timely objection that complies with all procedures provided in this section and the previous section. No Rule 23 Class Member may present an objection at the fairness hearing based on a reason not stated in his or her written objection. A Rule 23 Class Member who has submitted an Opt-Out Statement may not object to the settlement.

41.     The Claims Administrator will gather all Consent to Join Settlement and Claim Forms and forward only the FLSA consent page to Schwab and Class Counsel, so that Class Counsel may file the consents with the Court, as indicated on Exhibit C.

42.     The Claims Administrator will certify jointly to Class Counsel and Schwab which Consent to Joint Settlement and Claim Forms, and Opt-Out Statements were timely or untimely filed.

43.   The Claims Administrator shall report, in summary or narrative form, the substance of any discrepancies between the dates of employment submitted by the Class Member on the Consent to Join Settlement and Claim Form and Schwab's records.  In the event of any dispute over a Class Member's dates of employment in a Covered Position, Schwab and Class Counsel will meet and confer in good faith in an effort to resolve the dispute, and if Schwab and Class Counsel are unable to reach an agreement, the Claims Administrator shall decide the dispute, and its decision will be final.

44.   The Claims Administrator will submit to Schwab a list of timely and valid claims and the calculation of the amounts due to each Class Member pursuant to this Settlement no later than fifteen (15) calendar days after the close of the 60-day period to file claims.

45.   After the close of the 60-day period to file claims and any time remaining for Class Members to cure timely, yet defective, Claim Forms, the Claims Administrator will promptly notify all Class Members whose claims ultimately are denied of the fact of and reason for denial.

46.   The Claims Administrator shall be responsible for issuing the payments and calculating and withholding all required state and federal taxes.

## VI.  RELEASE OF CLAIMS

47.   Released State and non-FLSA Federal Law Claims by Class Members.  All Rule 23 Class Members (other than those who timely submit Opt-Out Statements), and all Non-Rule 23 Class Members who submit valid and timely Consent to Join Settlement and Claim Forms, hereby fully and finally release and discharge Schwab from any and all applicable state and non-FLSA federal law wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the Class Members' State and Non-FLSA Released Period, including without limitation, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including without limitation, penalties under the California Labor Code's Private Attorneys General Act of 2004, as amended in August 2004, California Labor Code sections 2699, 2699.3, and 2699.5),

14

liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of overtime wages; (b) any and all claims for the failure to provide meal and/or rest periods; and (c) any and all claims for failure to provide accurate itemized wage statements; (d) any and all claims for failure to pay final wages; and (e) any and all claims stemming from or based on the alleged misclassification of employees as exempt employees (collectively, "Class Members' Released State and non-FLSA Federal Law Claims" or "Eligible Claimants' Released State and non-FLSA Federal Law Claims). The Class Members' Released State and non-FLSA Federal Law Claims include claims meeting the above definition under any and all applicable statutes, including without limitation those set forth in the compendium of state specific wage and hour laws set forth in attached Exhibit D. Notwithstanding the foregoing, nothing in this Settlement releases any claims that cannot be released as a matter of law.

48.     Released Federal Law Claims by Class Members.  In addition, the Class Members who submit valid and timely Consent to Join Settlement and Claim Forms fully and finally release and discharge Schwab from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, whether known or unknown, arising during the Class Members' Federal Released Period ("Class Members' Released Federal Law Claims" or "Eligible Claimants' Released Federal Law Claims").  Notwithstanding the foregoing, nothing in this Settlement releases any claims that cannot be released as a matter of law.

49.     Released Claims by the Class Representatives.  The Class Representatives hereby fully and finally release and discharge Schwab from any and all claims, whether known or unknown, arising during the period from the beginning of their respective dates of Schwab employment to the date on which the Court's final approval of the Settlement is no longer appealable, whether under federal, state and/or local law, statute, ordinance, regulation, common

law, or other source of law; whether or not such claims are in the nature of claims for damages, unpaid wages, premium pay, deductions, unreimbursed business expenses, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks, and other alleged wage-and-hour violations, attorneys' fees or injunctive relief; and whether sounding in contract or tort ("Class Representatives' Released Claims"). The Class Representatives' Released Claims include, but are not limited to, claims arising from or dependent on the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq.; the Age Discrimination in Employment Act, as amended; the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; the Civil Rights Act of 1991; 42 U.S.C. § 1981; Executive Order 11246; Executive Order 11141; the Rehabilitation Act of 1973; the Equal Pay Act; Federal Employee Polygraph Protection Act; the National Labor Relations Act; the Worker Adjustment and Retraining Notification Act; the California Fair Employment and Housing Act, including Government Code Sections 12900, et seq.; the California Family Rights Act; the California Pregnancy Disability Act; and the California Labor Code; any applicable California Industrial Welfare Commission; and all of their implementing regulations; and all analogous statutes under Arizona and Colorado law, claims arising from or dependent on federal or local laws or regulations prohibiting discrimination or harassment in employment or otherwise, or enforcing express or implied contracts, requiring employers to deal fairly or in good faith, or restricting an employer's right to terminate employees, wrongful discharge, wrongful termination in violation of public policy, constructive termination, retaliation, defamation, conspiracy, infliction of emotional distress (intentional or negligent), invasion of privacy, assault, battery, physical or personal injury, emotional distress, fraud, negligent misrepresentation, misrepresentation, or any other tort, or any law, such as California Business & Professions Code Section 17200. Notwithstanding the foregoing, nothing in this Settlement releases any claims that cannot be released as a matter of law. Nothing in this Agreement shall affect or interfere with any Class Representative's right to participate, cooperate, initiate or assist in an investigation or proceeding

conducted within Schwab or by any government agency (including but not limited to the Equal Employment Opportunity Commission), oversight board, commission or other regulatory or investigative body. However, each Class Representative is waiving any right to receive any individual remedy, such as money damages, in connection with any such investigation or proceeding, including but not limited to any judicial action brought on a Class Representative's behalf by any government agency.

The Class Representatives acknowledge that, before signing this Release, they have 21 calendar days to consider it. The Class Representatives further understand that they may sign this Release at any time before the expiration of the 21-day consideration period. The Class Representatives agree and understand that they may revoke this Agreement and their waiver of Age Discrimination in Employment Act and Fair Employment and Housing Act claims within seven (7) days after their execution of it, and that the Agreement shall not become effective or enforceable until at least seven (7) days after the date on which they sign below. Any revocation must be in writing and delivered by hand or certified mail to Diana Tabacopoulos, Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, CA 90067. Failure to revoke within seven (7) days will result in the waiver being permanent. If any one of the Class Representatives revokes within seven (7) days, then Schwab retains the right to void the entire Agreement. Class Members' Released State and non-FLSA Federal Law Claims and Released Federal Law Claims and Class Representatives' Released Claims shall be referred to as "Released Claims."

The Class Representatives agree that they will not seek re-employment with Schwab. The Class Representatives further agree that this agreement provides good cause for termination should any of them become employed by Schwab.

50.     Waiver of Unknown Claims.  It is the desire of Schwab, Class Counsel and the Class Representatives to fully, finally, and forever settle, compromise, and discharge all Class Members' Released Claims as specified at Paragraphs 47-49, which were or which could have been asserted in this Action against Schwab, whether known or unknown, liquidated or unliquidated. As a consequence, the Class Representatives and each Class Member may

17

hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims specified in Paragraphs 47-49, but the Class Representatives and each Class Member, upon the Settlement Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Specifically, the Class Representatives and the Class Members shall be deemed to have waived all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and/or any comparable law(s) of any other state. Section 1542 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." The Class Representatives acknowledge, and the Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

VII. DUTIES OF SCHWAB AND CLASS COUNSEL PRIOR TO COURT APPROVAL

51. Schwab and Class Counsel shall submit this Settlement to the Court in support of Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Settlement, Schwab and Class Counsel shall apply to the Court for the entry of an Order Granting Preliminary Approval of the Settlement and Notices of Pendency substantially in the following form:

      (a) Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, adequate, and reasonable as to the Class;

      (b) Approving as to form and content the proposed Notices of Pendency;

(c)     Approving as to form and content the proposed Consent to Join Settlement and Claim Form for Schwab employees in the Covered Positions;

(d)     Directing the mailing of the Notices of Pendency and the Consent to Join Settlement and Claim Form by first class mail to the Class Members;

(e)     Preliminarily approving the Settlement;

(f)     Preliminarily certifying the Class for purposes of Settlement; and

(g)     Approving Justin Swartz, Outten & Golden LLP and Gregg Shavitz, Shavitz Law Group, P.A. as Class Counsel; Dana Aboud, Albert Schweizer, William Hicks and Michael Porowski as Class Representatives; and CPT Group as the Claims Administrator.

(h)     Prior to filing the Motion for Preliminary Approval and the Motion for Final Approval, Class Counsel will provide Schwab with a copy and allow at least five (5) business days for its review and approval. Class Counsel will consider Schwab's comments to both motions in good faith and, if Plaintiffs do not include changes that Schwab suggests, then Schwab may file a response to one or both motions.

## VIII.  DUTIES OF SCHWAB AND CLASS COUNSEL FOLLOWING FINAL COURT APPROVAL

52.     Following final approval by the Court of the Settlement, Class Counsel will submit a proposed Final Judgment:

(a)     Approving the Settlement, adjudging the terms thereof to be fair, adequate, and reasonable, and directing consummation of its terms and provisions;

(b)     Approving Class Counsel's application for an award of attorneys' fees and reimbursement of all costs;

(c)     Approving the Class Representatives' enhancement payments;

(d)     Certifying the Class for Settlement purposes only;

(e)     Dismissing this Action on the merits and with prejudice and permanently barring all Rule 23 Class Members (other than those who timely filed Opt-Out Statements) and Non-Rule 23 Class Members who submitted timely Consent to Join Settlement and Claim Forms

from prosecuting against Schwab any and all Class Members' Released State and non-FLSA Federal Law Claims arising during the Class Members' State and Non-FLSA Released Period;

(f)      Permanently barring the Class Members who submitted timely Consent to Join Settlement and Claim Forms from prosecuting against Schwab any and all Class Members' Released Federal Law Claims during the Class Members' Federal Released Period; and

(g)      Permanently barring the Class Representatives from prosecuting against Schwab any and all Class Representative's Released Claims arising during the Class Representative's Released Period.

## IX.  VOIDING THE AGREEMENT

53.      If this Settlement is not approved, the Settlement shall not be used nor be admissible in any subsequent proceedings either in this Court or in any other Court or forum.  If there is any reduction in the attorneys' fee award, such reduction may be appealed but is not a basis for rendering the entire Settlement voidable and unenforceable.  If the Court does not approve any material condition of this Settlement Agreement or effects a fundamental change to the Settlement, the entire Settlement will be voidable and unenforceable.  In the event that this occurs, Schwab may void this settlement by giving notice in writing to Class Counsel and the Court at any time prior to the Court's final approval of the Settlement.

## X.  PARTIES' AUTHORITY

54.      The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective parties to its terms and conditions.

## XI.  MUTUAL FULL COOPERATION

55.      Schwab and Class Counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement. Schwab and Class Counsel shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.  As soon as practicable after execution of this

16705413v.1

Settlement, Schwab and Class Counsel shall take all necessary steps to secure the Court's Final Judgment.

## XII. NO PRIOR ASSIGNMENTS

56.     Schwab and Class Counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## XIII. NO ADMISSION

57.     Nothing contained in this Settlement shall constitute an admission of any form or wrongdoing or liability on the part of Schwab. This Settlement is entered into in compromise of disputed clams. Schwab denies all allegations of wrongdoing or liability. The parties intend, by their actions pursuant to this Settlement, merely to avoid the expense, delay, uncertainty, and burden of litigation. This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XIV. ENFORCEMENT ACTIONS

58.     Only Schwab, Plaintiffs, and Class Counsel shall have the right to institute a legal action, arbitration, or other proceeding to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement. The prevailing party shall be entitled to recover from the unsuccessful party reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XV. NOTICES

59.     Unless otherwise specifically provided, all notices, demands or other communications given shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Class:

21

Justin Swartz
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016

To Schwab:
Diana Tabacopoulos, Esq.
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3921

## XVI. CONSTRUCTION

60.     Schwab and Class Counsel agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between Schwab and Class Counsel and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or her or its counsel participated in the drafting of this Settlement.

## XVII. CAPTIONS AND INTERPRETATIONS

61.     Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision. Each term of this Settlement is contractual and not merely a recital.

## XVIII. MODIFICATION

61.     This Settlement may not be changed, altered, or modified, except in writing and signed by Schwab and Class Counsel, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by Schwab and Class Counsel.

## XIX. INTEGRATION CLAUSE

62.     This Settlement contains the entire agreement between Schwab, Class Counsel, and the Class Representatives relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement. No rights under this Settlement may be waived except in writing.

22

## XX. BINDING ON ASSIGNS

63.     This Settlement shall be binding upon and inure to the benefit of Schwab, Class Counsel, and the Class Representatives, and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXI. SIGNATURES

64.     It is agreed that because Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Settlement. The Notices of Pendency will advise all Class Members of the binding nature of the release. For Rule 23 Class Members (other than those who timely submit Opt-Out Statements) and Non-Rule 23 Class Members who timely submit Consent to Join Settlement and Claim Forms, the Notices of Pendency shall have the same force and effect as if this Settlement were executed by each Class Member with regard to Released State and non-FLSA Federal Law Claims. For those Class Members who timely submit Consent to Join Settlement and Claim Forms, the Notices of Pendency shall have the same force and effect as if this Settlement were executed by each Class Member with regard to Released Federal Law Claims.

## XXII. COUNTERPARTS

65.     This Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all signatories.

## XXIII. RIGHT OF APPEAL

66.     Class Members who do not timely object to the Settlement shall have no right to appeal the Final Judgment.

## XXIV. CLASS AND COLLECTIVE ACTION CERTIFICATION

67.     Schwab and Class Counsel agree that the stipulation of class and collective action certification is for settlement purposes only and if for any reason the Settlement is not approved, the stipulation will be of no force or effect. Schwab and Class Counsel agree that certification

16705413v1

for Settlement purposes is in no way an admission that class or collective action certification is proper and that evidence of this stipulation for Settlement purposes only will not be deemed admissible in this or any other proceeding.

## XXV. RIGHT OF REVOCATION

68.     Notwithstanding any other provision of this Settlement, Schwab shall retain the right, in the exercise of its sole discretion, to nullify the settlement within fifteen (15) days after expiration of the exclusion period if fifteen (15) or more Rule 23 Class Members choose to exclude themselves from this settlement and fail to sign a release.

## XXVI. NO UNDUE PUBLICITY

69.     The Parties and their counsel will keep the terms and conditions of the settlement confidential, and will not contact, or comment to, the media about the settlement, prior to submission to the Court for preliminary approval. After submission to the Court, no party or their counsel shall publicize, or cause to be publicized, the existence of this Settlement or its terms, in any type of mass or social media, including, but not limited to, speeches, press conferences, interviews, television or radio broadcasts, newspapers, or messages on the Internet. Breach of this provision shall entitle Schwab, in the exercise of its sole discretion, to nullify the Settlement at any time before the judgment is final. Should the Class Representative(s) or Class Counsel at any time breach this provision, the Class Representative shall forfeit to Schwab the full amount of their enhancement payments. Without limitation by the foregoing, Schwab may enforce this provision through an action for injunctive relief, in addition to any other rights and remedies available at law. Class Representatives waive any obligation by Schwab to file a bond in connection with any such action. Should Class Counsel or Schwab's Counsel receive any media inquiry regarding this matter, they shall state only that the matter has been resolved.

Nothing in this Settlement is intended to prevent, impede, or interfere with any Class Member's ability to respond to any inquiry or provide testimony about this Settlement or its underlying facts and circumstances before or participate in any investigation or proceeding conducted by the Securities and Exchange Commission, the Equal Opportunity Employment

24

Commission, Financial Industry Regulatory Authority, any other self-regulatory organization, or any other federal or state governmental agency or regulatory authority.

## XXVII. PRIOR AGREEMENT

This Joint Stipulation of Settlement and Release supersedes and replaces any and all prior agreements between the Parties regarding this Action, including the prior Joint Stipulation of Settlement and Release entered into by the Parties on March 13, 2014.

DATED: July 4, 2014        OUTTEN & GOLDEN LLP

By_____
Attorneys for Plaintiffs and the Class and with
respect to terms applicable to Class Counsel

DATED: July ___, 2014        SHAVITZ LAW GROUP, P.A.

By_____
Attorneys for Plaintiffs and the Class and with
respect to terms applicable to Class Counsel

16705413v.1

Commission, Financial Industry Regulatory Authority, any other self-regulatory organization, or

any other federal or state governmental agency or regulatory authority.

## XXVII. PRIOR AGREEMENT

This Joint Stipulation of Settlement and Release supersedes and replaces any and all prior

agreements between the Parties regarding this Action, including the prior Joint Stipulation of

Settlement and Release entered into by the Parties on March 13, 2014.


DATED: July ___, 2014                    OUTTEN & GOLDEN LLP


By_____
Attorneys for Plaintiffs and the Class and with
respect to terms applicable to Class Counsel


DATED: July ___, 2014                    SHAVITZ LAW GROUP, P.A.


By_____
Attorneys for Plaintiffs and the Class and with
respect to terms applicable to Class Counsel

16705413v.1

Dated: July ____, 2014

_____
Dana Aboud


Dated: July ____, 2014

_____
Albert Schweizer


Dated: July ____, 2014

_____
William Hicks


Dated: July ____, 2014

_____
Michael Porowski


Dated: July ____, 2014

_____
Charles Schwab & Co., Inc.

16705413v.1

Dated: July ___, 2014

_____
Dana Aboud

Dated: July _11_, 2014

_____
Albert Schweizer

Dated: July ___, 2014

_____
William Hicks

Dated: July ___, 2014

_____
Michael Porowski

Dated: July ___, 2014

_____
Charles Schwab & Co., Inc.

16705413v.1

Dated: July ___, 2014

_____
Dana Aboud

Dated: July ___, 2014

_____
Albert Schweizer

Dated: July 16, 2014

*William O. Hicks* (signature)
_____
William Hicks

Dated: July ___, 2014

_____
Michael Porowski

Dated: July ___, 2014

_____
Charles Schwab & Co., Inc.

16705413v.1

Dated: July ____, 2014                    _____
                                          Dana Aboud


Dated: July ____, 2014                    _____
                                          Albert Schweizer


Dated: July ____, 2014                    _____
                                          William Hicks

Dated: July 10, 2014                      _____
                                          Michael Porowski


Dated: July ____, 2014                    _____
                                          Charles Schwab & Co., Inc.

16705413v.1

Dated: July \_\_\_, 2014

_____
Dana Aboud

Dated: July \_\_\_, 2014

_____
Albert Schweizer

Dated: July \_\_\_, 2014

_____
William Hicks

Dated: July \_\_\_, 2014

_____
Michael Porowski

Dated: July _8_, 2014

_____
Charles Schwab & Co., Inc.
_EVP and Chief Administrative Officer_

16705413v.1