# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA ABOUD, ALBERT SCHWEIZER, WILLIAM HICKS and MICHAEL POROWSKI,<br><br>              Plaintiffs,<br><br>          vs.<br><br>CHARLES SCHWAB & CO., INC.,<br><br>              Defendant. | Case No. 14 Civ. 2712<br><br>**CONSENT TO JOIN SETTLEMENT AND CLAIM FORM** |

CPT ID: «ID»  ||||  |||||
«EmployeeName»
«Address1» «Address2»
«City», «State» «Zip»

**NOTE:** Please read the enclosed Notice of Pendency of Collective Action, Proposed Settlement, and Hearing Date ("Notice") before completing this Consent to Join Settlement and Claim Form ("Claim Form"). This Claim Form is being sent to you by the Court-appointed settlement administrator, CPT Group.

**YOUR SETTLEMENT SHARE:** Your estimated settlement share is «RevisedEstAmount». If you properly submit this Claim Form by the deadline, and the Court approves the settlement, you should receive approximately this amount, minus applicable taxes.

**DEADLINE:** To receive any money from this settlement, you must properly complete a Claim Form and submit it to CPT Group **POSTMARKED (or faxed or emailed) by September 30, 2014**.

Schwab Claims Administrator
CPT Group
16630 Aston, Irvine, CA 92606
Tel: 1(866) 530-1191     Fax: 1(949) 419-3446     Email: SchwabClaims@cptgroup.com

1. **Your Contact Information**

    Please review, correct, and complete your contact information. The address that you list is where we will send your settlement check.

    ☐   The following address is correct.

        «Address1» «Address2»
        «City», «State» «Zip»

    ☐   My address has changed. My current address is:

        Address:       _____
        City, State:   _____
        Zip:           _____

    The following additional information will help us reach you if we have questions or difficulty sending you your settlement check:

    Telephone number (cell):  _____
    Telephone number (home): _____
    Telephone number (work): _____
    E-mail:  _____

    It is your responsibility to keep a current address, telephone number, and email address on file with the settlement administrator.

2. **Your Estimated Settlement Share, Dates of Employment, and Work Location**

    Schwab records indicate that you were employed in a Covered Position as a «JobTitle» in **«LocState»** during the relevant period November 7, 2010 to February 15, 2014. Your number of Compensable Work Weeks[1] is «RevisedTotalWeeks».

---

[1] "Compensable Work Weeks" means all full or partial weeks you worked in this Covered Position between January 4, 2010 and June 30, 2014.

Based on these Compensable Work Weeks, your estimated settlement share is «RevisedEstAmount». Your actual settlement share may end up being higher or lower than estimated.

Please check only one:

☐   I <u>agree</u> with Schwab's records that I worked a total of <<**WorkWeeks**>> full or partial weeks as a «JobTitle» during the applicable time period(s) for the state(s) and/or territories in which I was employed.

☐   I <u>disagree</u> with Schwab's records and instead contend that I worked a total of _____ full or partial weeks as and during the applicable time period(s) for the state(s) and/or territories in which I was employed.

If you disagree with the calculations indicated above, you must attach documentation that supports your belief as to the term of your employment.  Failure to provide this information and satisfactory supporting documentation will result in any claim you submit being based solely on Schwab's records as set forth above.

3.   **Release of Claims**

(1)   RELEASE OF CLAIMS

(a)   <u>Released State and non-FLSA Federal Law Claims by Eligible Claimants.</u>  The Rule 23 Class Members (other than those who file Opt-Out Statements) and Collective Members who submit valid and timely Consent to Join Settlement and Claim Forms hereby fully and finally release and discharge Charles Schwab & Co., Inc. and all of its respective former and present parents, subsidiaries, and affiliated entities and their officers, directors, employees, partners, registered representatives, insurers, shareholders, and agents, and any other successors, assigns, or legal representatives ("Schwab") from any and all applicable state and non-FLSA federal law wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the period from the commencement of the applicable statute of limitations period set forth in Exhibit A to the Notice through the date on which the Court's final approval of the Settlement is no longer appealable, including without limitation, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including without limitation, penalties under the California Labor Code's Private Attorneys General Act of 2004, as amended in August 2004, California Labor Code sections 2699, 2699.3, and 2699.5), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations:  (a) any and all claims for the failure to pay any type of overtime wages; (b) any and all claims for the failure to provide meal and/or rest periods; and (c) any and all claims for failure to provide accurate itemized wage statements; (d) any and all claims for failure to pay final wages; and (e) any and all claims stemming from or based on the alleged misclassification of employees as exempt employees (collectively, "Eligible Claimants' Released State and non-FLSA Federal Law Claims").  The Eligible Claimants' Released State and non-FLSA Federal Law Claims include claims meeting the above definition under any and all applicable statutes, including without limitation those set forth in the compendium of state specific wage and hour laws set forth in attached Exhibit A to the Notice. Notwithstanding the foregoing, nothing in this Settlement releases any claims that cannot be released as a matter of law.

(b)   <u>Released Federal Law Claims by Eligible Claimants.</u>  In addition, the Eligible Claimants who submit valid and timely Consent to Join Settlement and Claim Forms fully and finally release and discharge Schwab from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., whether known or unknown, arising during the period from January 4, 2010 to the date on which the final approval of the Settlement is no longer appealable ("Eligible Claimants' Released Federal Law Claims"). Notwithstanding the foregoing, nothing in this Settlement releases any claims that cannot be released as a matter of law.

(c)   <u>Waiver of Unknown Claims.</u>  Each Eligible Claimant shall be deemed to have waived all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and/or any comparable law(s) of any other state.  Section 1542 provides:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."  The Eligible Claimants shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

(d)   <u>No effect on benefits</u>. I understand that Schwab will not use the settlement payment to calculate any additional benefits including vacations, holiday pay, bonus pay or other compensation of any kind or employee welfare or retirement plan benefits, including all nonqualified and equity compensation plans, and that this settlement payment will not represent any modification of my previously credited hours of eligibility or vesting service, compensation, or other eligibility or benefit determination criteria under any employee retirement or welfare benefit plan sponsored by Schwab, including all nonqualified and equity compensation plans.  I understand that Schwab will not consider the settlement payment compensation for purposes of determining eligibility for or benefits under employee retirement or welfare benefit plans, including all nonqualified and equity compensation plans, or other plan sponsored by Schwab or its predecessor, subsidiaries, parent companies or successors.

**4.** **Signature and Consent to Joint Settlement**

I have received the Notice and understand that, by signing this form, I consent to join the *Aboud v. Schwab* action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and agree to be bound by the settlement negotiated by Class Counsel in this case.

I declare under penalty of perjury that the above information is correct.

Executed on _____, 2014, at _____, _____.
                                                                                           (City)            (State)

_____
(Signature)

_____
«FullName»

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
DANA ABOUD, ALBERT SCHWEIZER, WILLIAM HICKS and MICHAEL POROWSKI,

            Plaintiffs,

vs.

CHARLES SCHWAB & CO., INC.,

            Defendant.
---------------------------------------------------------- X

Case No. 14 Civ. 2712

**NOTICE OF PENDENCY OF COLLECTIVE ACTION AND OPPORTUNITY TO OPT IN, PROPOSED SETTLEMENT, AND HEARING DATE FOR COURT APPROVAL**

IF YOU WERE AN ASSOCIATE FINANCIAL CONSULTANT ("AFC"), CDT-FC/BET-FC ("CDT-FC"), INTERNATIONAL CDT FINANCIAL CONSULTANT ("INTL CDT-FC"), AT SALES SPECIALIST OR SR. AT SALES SPECIALIST ("ATS") EMPLOYED BY CHARLES SCHWAB DURING CERTAIN TIME PERIODS, YOU MIGHT BE ENTITLED TO A PAYMENT FROM SETTLEMENT OF A COLLECTIVE ACTION LAWSUIT, AS SET FORTH BELOW.

*A federal court has authorized this notice.  This is a not a solicitation from a lawyer.*

Under the allocation formula created by the settlement, you are entitled to receive a share of the settlement reached in this case.  The estimated amount you are entitled to receive is printed on the enclosed Consent to Join Settlement and Claim Form ("Claim Form").

If you want to recover money from the settlement, you must mail a properly completed Claim Form to the Claims Administrator, postmarked no later than **September 30, 2014**.  You may also return the form to the Claims Administrator by fax or email no later than **September 30, 2014.**  If you do not return a timely Claim Form, the consequence is that you will receive no settlement payment.  Please read the rest of this Notice for more detailed instructions.

Neither Schwab nor Class Counsel makes any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

Your legal rights may be affected.  You have a choice to make now.

| Summary of Your Legal Rights and Options in this Settlement ||
| --- | --- |
| **Do Nothing** | Do Nothing.  Receive no payment. |
| **Submit A Claim Form** | Submit a Claim Form.  Receive a settlement payment.  Release certain claims under state and federal law, including Fair Labor Standards Act claims. |

    A proposed settlement ("Settlement") has been reached between the parties to this action.  This action (defined below) alleges claims under both the federal Fair Labor Standards Act ("FLSA") and various state wage and hour laws, and includes:
    (a)    all persons who worked for Schwab in the position of AFC or Intl CDT-FC in any state or territory other than California from November 7, 2010 to February 15, 2014;
    (b)    all persons who worked for Schwab in the position of CDT-FC from November 7, 2010 to February 15, 2014; and
    (c)    all persons who worked for Schwab in the position of ATS from November 7, 2010 to February 28, 2011 (collectively, the "Non-Rule 23 Class" or the "Non-Rule 23 Class Members" or the "Collective" or "Collective Members").
    Persons who worked for Schwab in the position of AFC or Intl CDT-FC in California from November 7, 2009 to February 15, 2014 (the "Rule 23 Class" or the "Rule 23 Class Members") are also part of the Settlement, but they are receiving a different notice.  The Rule 23 Class Members and the Collective Members are collectively referred to as "Eligible Claimants."
    The Court has preliminarily approved the Settlement and conditionally certified the Rule 23 Class for purposes of the Settlement only. You have received this notice because Schwab's records indicate that you are a member of the Collective. This notice is designed to inform you that you can elect to receive a Settlement payment by submitting a Claim Form, or simply do nothing.
    To receive your share of the Settlement, you must submit a valid and timely Claim Form.  If you do not, then you will not receive your share of money paid out under the Settlement.  If you do not submit a valid and timely Claim Form, you will not be bound by the terms of the Settlement and will not release your state, non-FLSA federal law, or FLSA claims, even if the settlement is granted final approval by the Court.

I.    **BACKGROUND OF THE CASE**

    Plaintiffs Dana Aboud, Albert Schweizer, William Hicks and Michael Porowski ("Plaintiffs") filed a lawsuit on behalf of all individuals nationwide who were employed by Schwab as an AFC, CDT-FC, Intl CDT-FC, or ATS.  Plaintiffs allege that Schwab failed to pay them and other Eligible Claimants for applicable overtime, including interest and penalties.  Plaintiffs also allege that Schwab violated certain state laws by not providing them meal and rest periods, itemized wage statements, and all monies due upon termination (the "Action").
    Schwab denies all of Plaintiffs' material allegations in the Action.  Specifically, Schwab denies that Plaintiffs or the Eligible Claimants are owed any compensation for overtime hours or meal or rest periods, or any related claims, or interest or penalties of any kind.

**II.      THIS SETTLEMENT IS NOT AN ADMISSION OF LIABILITY**

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended to or should be construed as an admission by Schwab that Plaintiffs' claims in the Action have merit or that it has any liability to Plaintiffs or Eligible Claimants on those claims. Schwab vigorously denies all of Plaintiffs' material allegations. Specifically, Schwab denies that Plaintiffs and Eligible Claimants are owed any compensation for alleged overtime hours, meal periods or rest periods, or any related claims, or interest or penalties of any kind.

Class Counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties of continued litigation. Class Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Eligible Claimants.

**III.     SUMMARY OF THE SETTLEMENT**

A.    <u>Who is included in the Settlement?</u>

You are included in the Settlement if you were employed by Schwab in the United States or its territories as an AFC, CDT-FC, Intl CDT-FC or ATS during the time periods set forth above.

B.    <u>Do I have a lawyer in this case?</u>

The Court has appointed the lawyers at Outten & Golden LLP and the Shavitz Law Group, P.A., to represent you and all Eligible Claimants. These lawyers are "Class Counsel." You do not need to retain your own attorney in order to participate as a Collective Member. You may hire your own lawyer at your own expense.

Class Counsel are Justin M. Swartz and Jennifer L. Liu of Outten & Golden LLP and Gregg I. Shavitz of Shavitz Law Group, P.A. Class Counsel's contact information is listed at the end of this Notice at Section VII.

C.    <u>How do I receive a settlement payment?</u>

If you wish to make a claim, then complete and sign the enclosed Claim Form, and email, fax, or postmark and mail it by **September 30, 2014** to the Schwab Claims Administrator, CPT Group.

D.    <u>What will I receive from the Settlement?</u>

The total Settlement Sum is $3,800,000.00. Subject to Court approval, certain Class Counsel attorneys' fees and expenses and other costs will be deducted from the total Settlement Sum, as described below. After such deductions, your share of the total Settlement Sum generally will be based on (1) the number of Compensable Work Weeks you worked during the applicable periods as an AFC, CDT-FC, Intl CDT-FC, or ATS. ("Compensable Work Weeks" means any week or portion of a week worked by you or other Eligible Claimants as an AFC, CDT-FC, Intl CDT-FC, or ATS, during the applicable time periods); and (2) the position(s) you held and the states and/or territories in which you were so employed. The weeks you worked during the applicable periods will be determined from Schwab's payroll records. Your number of work weeks is listed on the enclosed Claim Form. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by following the instructions on page 4.

The Settlement payments to Eligible Claimants are fifty-percent (50%) wages subject to IRS Form W-2 reporting and withholding of all applicable local, state and federal taxes, and fifty-percent (50%) alleged penalties and interest, subject to IRS Form 1099 reporting. Notwithstanding the treatment of the settlement amounts above, none of the payments called for by this Settlement, including the wage portion of the Settlement, are to be treated as earnings or wages for any purpose of any Schwab benefit plan.

E.    <u>When will I receive my Settlement payment?</u>

The Settlement payments will be paid after final Court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

F.    <u>What if I do not want to receive a Settlement payment?</u>

If you do not wish to participate in the settlement, you may "do nothing," i.e., not file a Claim Form.

G.    <u>Claims Administrator.</u>

The Court has appointed CPT Group to act as an independent claims administrator and to resolve any dispute concerning a Collective Member's eligibility to participate in the Settlement and his or her share of the Settlement.

H.    <u>Release of Claims.</u>

The Settlement includes a release by Collective Members who submit valid and timely Claim Forms of Schwab and its former and present parents, subsidiaries, and affiliated entities and their officers, directors, employees, partners, registered representatives, shareholders and agents, and any other successors, assigns, or legal representatives ("Eligible Claimants' Released Parties"), from any and all applicable state and non-FLSA federal law wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising from the commencement of the applicable statute of limitations period for the jurisdiction in which the Collective Member was employed by Schwab, as set forth in part in the attached Exhibit A, to the date on which the Court's final approval of the Settlement is no longer appealable ("Eligible Claimants' State Claim and Non-FLSA Released Period"), including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including without limitation penalties under the California Labor Code's Private Attorneys General Act of 2004, as amended in August 2004, and California Labor Code sections 2699, 2699.3, and 2699.5), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of overtime wages, (b) any and all claims for the failure to provide meal and/or rest periods; (c) any and all claims for failure to provide accurate itemized wage statements; (d) any and all claims to pay final wages; and (e) any and all claims stemming from or based on the alleged misclassification of employees as exempt employees (collectively, "Eligible Claimants' Released State and non-FLSA Federal Law Claims"). The Eligible Claimants' Released State and non-FLSA Federal Law Claims include claims meeting the above definition under any and all applicable statutes,

including without limitation those set forth in the specific state wage and hour laws set forth in attached Exhibit A.  Notwithstanding the foregoing, nothing in this Settlement releases any claims that cannot be released as a matter of law.

The release of claims set forth in the preceding paragraph is intended as a complete release of the Eligible Claimants' Released State and non-FLSA Federal Law Claims.  In furtherance of this intention, Eligible Claimants expressly waive any rights or protections under any statute, legal doctrine, or any other authority that restricts the release of unknown claims, including but not limited to Section 1542 of the California Civil Code (and any other similar state statute).  Section 1542 states:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

In addition, those Eligible Claimants who submit valid and timely Claim Forms fully and finally release and discharge the Eligible Claimants' Released Parties from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., whether known or unknown, arising during the Eligible Claimants' Federal Released Period ("Eligible Claimants' Released Federal Law Claims").

The release of claims set forth in the preceding paragraph is intended as a complete release of the Eligible Claimants' Released Federal Law Claims.  In furtherance of this intention, Collective Members expressly waive any rights or protections under any statute, legal doctrine, or any other authority that restricts the release of unknown claims, including but not limited to Section 1542 of the California Civil Code (and any other similar state statute).  Section 1542 states:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Notwithstanding the foregoing, nothing in the Settlement releases any claims that cannot be released as a matter of law.

I. <u>Attorneys' Fees, Litigation Expenses, and Class Representative Payments</u>

Class Counsel will seek approval from the Court for payment of attorneys' fees in the amount of up to one-third of the total Settlement Sum, or $1,266,666.67, and costs and litigation expenses in the amount of up to $30,000.00.  Class Counsel believes the requested amount for attorneys' fees and costs is fair and reasonable.  Schwab will not oppose their request for that amount.  In addition, Class Counsel will ask the Court to award each of the Plaintiffs up to $7,500.00 in exchange for a general release and for the time they spent and the risk they took in bringing the Action.  If approved by the Court, these sums will be deducted from the Settlement Sum under the Settlement.

J. <u>Other Deductions from the Settlement Sum</u>

Class Counsel also will seek approval from the Court for:  (1) the costs of administering the Settlement, estimated at this time to be approximately $16,000.00; (2) the sum of $10,000.00, seventy-five percent (75%) of which will be paid to the California Labor and Workforce Development Agency, pursuant to California Labor Code § 2698, *et seq*.  These payments will be deducted from the Settlement Sum under the Settlement.

IV. **PLAINTIFFS AND CLASS COUNSEL SUPPORT THE SETTLEMENT**

Plaintiffs as Class Representatives and Class Counsel support this Settlement. Their reasons include the inherent risk of denial of class certification, the risk of a trial on the merits, the risk of loss, and the inherent delays and uncertainties associated with litigation.  Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted.  No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved.  Therefore, upon careful consideration of all of the facts and circumstances of this case, Plaintiffs and Class Counsel believe that the Settlement is fair, reasonable, and adequate.

V. **WHAT ARE YOUR RIGHTS AS A COLLECTIVE MEMBER?**

As a member of the Collective, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and costs.  Your participation in the Settlement will have no effect on your employment.

A. <u>Claiming Your Share of the Settlement.</u>

To receive your share of the Settlement, you must return a properly completed and signed Claim Form by mail, email, or facsimile on or before **September 30, 2014** to:

Schwab Claims Administrator
c/o CPT Group
16630 Aston
Irvine, CA 92606
Toll Free #: 1(866) 530-1191      Fax #: 1(949) 419 - 3446      Email: SchwabClaims@cptgroup.com

If you mail your Claim Form by U.S. Mail, it must be postmarked on or before **September 30, 2014**.  A Collective Member who does not mail a Claim Form in the manner and by the deadlines specified above will not receive a share of the Settlement.

VI. **FINAL SETTLEMENT APPROVAL HEARING**

The Court will hold a final approval hearing in Courtroom **14-C**, of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007-1312, on **October 22, 2014** at **4:00 p.m**., to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve Class Counsel's request for costs and

attorneys' fees and the special payment made to Plaintiffs as the Class Representatives. The hearing may be postponed without further notice to the Collective.

You do not have to come to the hearing. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense.

## VII. <u>OBTAINING MORE INFORMATION</u>

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the Settlement Agreement which will be on file with the Clerk of the Court. You may also obtain a copy of the Settlement Agreement by sending a request, in writing, to the Schwab Claims Administrator. The pleadings and other records in this litigation, including the Settlement Agreement, may be examined at any time during regular business hours in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007-1312. If you have other questions about the settlement, you may contact Class Counsel or the Claims Administrator.

Class Counsel's contact information is:

| | |
|---|---|
| Justin M. Swartz | Gregg I. Shavitz |
| Jennifer L. Liu | Shavitz Law Group, P.A. |
| Outten & Golden LLP | 1515 S. Federal Hwy |
| 3 Park Avenue, 29th Floor | Boca Raton, FL  33432 |
| New York, New York 10016 | Telephone:  (800) 616-4000 |
| Telephone:  (212) 245-1000 | Facsimile:  (561) 447-8331 |
| Facsimile:  (646) 509-2057 | |
| SchwabOvertimeSettlement@outtengolden.com | |

PLEASE DO NOT TELEPHONE THE COURT FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

**EXHIBIT A**

**ELIGIBLE CLAIMANTS' RELEASED PERIODS BY STATE**

| Released Period | State | |
|---|---|---|
| 2 years going back to January 4, 2011 | Alabama<br>Arizona<br>Colorado<br>Connecticut<br>Georgia<br>Indiana | Iowa<br>Missouri<br>New Mexico<br>Pennsylvania<br>Virginia |
| 3 years going back to January 4, 2010 | Alaska<br>Arkansas<br>Delaware<br>District of Columbia<br>Idaho<br>Kansas<br>Louisiana<br>Maryland<br>Massachusetts<br>Michigan<br>Minnesota<br>Mississippi | Nevada<br>Hawaii<br>New Hampshire<br>North Carolina<br>Oklahoma<br>Puerto Rico<br>Rhode Island<br>South Carolina<br>Tennessee<br>Washington<br>West Virginia |
| 4 years going back to January 4, 2009 | California<br>Florida<br>Nebraska | Texas<br>Utah |
| 5 years going back to January 4, 2008 | Illinois<br>Kentucky | |
| 6 years going back to January 4, 2007 | Maine<br>New Jersey<br>New York<br>Ohio | Oregon<br>Vermont<br>Wisconsin |

| State | Statutory Claims Released |
|---|---|
| Alabama | Code of Alabama, tit. 25, § 25-3-4 |
| Alaska | Alaska Wage & Hour Act: Alaska Stat. §§ 23.10.050 - 23.10.150<br>Alaska Admin. Code, tit. 8, §§ 15.010 – 15.910, 25.010 – 25.310 |
| Arizona | General Wages Statute: Ariz. Rev. Stat. §§ 23-350 – 23-362 |
| Arkansas | Minimum Wage Act of Arkansas: Ark. Code Ann. § 11-4-201 *et seq*.<br>Admin Regs. of the Labor Standards Div. of the Arkansas DOL § 010.14 *et seq*. |
| Colorado | Wage Claim Act: Colo. Rev. Stat. §§ 8-4-101 *et seq*.<br>Minimum Wage Order Nos. 22 and 23, 7 Colo. Code. Regs § 1103-1 |
| Connecticut | Conn. Gen. Stat. §§ 31-13a, 31-51ii, § 31-60, *et seq*.<br>Conn. Agencies Regs. §§ 31-60-11, 31-60-14, 31-60-15, 30-16-16 |
| Delaware | Wage Payment & Collection Act: Del. Code Ann., tit. 19, §§ 707, 1101-1115. |
| District of Columbia | Wage Payment & Wage Collection Law: D.C. Code § 32-1301 *et seq*.<br>Minimum Wage Act: D.C. Code § 32-1001, *et seq*.<br>Wage Hour Rules: D.C. Mun. Reg., tit. 7, §§ 911, 914 |
| Florida | Fla. Stat., tit. 31, §§ 448.1, 448.08, 448.110 |
| Georgia | Ga. Code Ann. §§ 9-3-22, 34-4-5 |
| Hawaii | Haw. Rev. Stat. §§ 387-1 *et seq.*, 388-1 *et seq*.<br>Haw. Admin. Rules, tit. 12, § 20-1 *et seq*. |
| Idaho | Wage Payment Act: Idaho Code Ann. § 45-601 *et seq*. |

| | |
|---|---|
| Illinois | Wage Payment & Collection Act: 820 ILCS 115/1 *et seq.*<br>Minimum Wage Law: 820 ILCS 105/1 *et seq.*<br>Eight Hour Work Day Act: 820 ILCS 145/0.01 *et seq.*<br>One Day Rest In Seven Act: 820 ILCS 140/1 *et seq.*<br>Admin. Code, tit. 56, Ch. 1, Subchapter b, § 210 *et seq.* |
| Indiana | Minimum Wage Law of 1965: Ind. Code § 22-2-2-1 *et seq.*<br>Ind. Code. §§ 22-2-5-0.5 *et seq.*, 22-2-9-1 *et seq.*<br>Admin. Code: 610 IAC 6-1-1 *et seq.* |
| Iowa | Wage Payment Collection Act: Iowa Code Chapter 91A<br>Admin. Code: 875-35.1 (91A) |
| Kansas | Wage Payment Statute: Kan. Stat. Ann. §§ 44-312 – 44-327<br>Minimum Wage & Maximum Hours Laws: Kan. Stat. Ann. §§ 44-1201 *et seq.*<br>Admin. Regs. §§ 49-16-1 *et seq.*, 49-21-1 *et seq.*, 49-30-1 *et seq.*, 49-31-1 *et seq.* |
| Kentucky | Ky. Rev. Stat. § 337.00 *et seq.*<br>Ky. Admin. Regs.: 803 KAR 1:005 *et seq.* |
| Louisiana | La. Rev. Stat. Ann. § 23.10 *et seq.* |
| Maine | Me. Rev. Stat., tit. 26, Ch. 7, §§ 601-626, 663-671<br>Me. Admin. Rules: 12-170, Chapters 9 and 16 |
| Maryland | Md. Code Ann.: §§ 3-401 *et seq.*, 3-501 *et seq.*<br>Code of Md.: Tit. 9, Subtitle 12, Chapter 41 |
| Massachusetts | Mass. Gen. Laws., tit. 21, Ch. 149, §§ 100-101, 148-150<br>Minimum Fair Wage Law, Mass. Gen. Laws, Ch. 151, tit. 21, Ch. 151, §§ 1A, 1B, 7, 14-20A<br>Code Mass. Regs.: 455 CMR 2.00 *et seq.* |
| Michigan | Minimum Wage Law of 1964: Mich. Comp. Laws. Ann. §§ 408.381 – 408.398<br>Wages and Fringe Benefits Act: Mich. Comp. Laws. Ann. §§ 408.471 – 408.512 |
| Minnesota | Minn. Stat. Ann., Ch. 177, § 177.22 *et. seq.*, Ch. 181, § 181.032 *et seq.*<br>Minn. Admin. Rules, Ch. 5200, § 5200.0060 *et seq.* |
| Mississippi | None |
| Missouri | Mo. Rev. Stat., tit. 18, Ch. 290, §§ 290.010 *et seq.* |
| Nebraska | Neb. Wage Payment & Collection Act:. Neb. Rev. Stat. § 48-1228 *et seq.* |
| Nevada | Nev. Rev. Stat., Ch. 608, §§ 608.016, 608.018 – 608.080, 608.115, 608.140, 608.180<br>Nev. Admin Code., Ch. 608, §§ 608.115 – 608.155 |
| New Hampshire | N.H. Rev. Stat. Ann., tit. 23, Ch. 275, §§ 275.30 *et seq.*, Ch. 29, §§ 279.27 *et. seq.*<br>N.H. Code Admin. R. Ann. Lab., Ch. Lab. 800, Part Lab. 803, Lab. 803.01 *et seq.* |
| New Jersey | Wage & Hour Law, N.J. Stat. Ann. § 34:11-56a *et seq.*<br>Wage Payment Law, N.J. Stat. Ann. § 34:11-4.1 *et seq.*<br>N.J. Admin. Code. 12:55 *et seq.*, 12:56 *et seq.*, 12:61 *et seq.* |
| New Mexico | N.M. Stat. Ann., Ch. 50, Art. 4, § 50-4-1 *et seq.*<br>N.M. Admin. Code, tit. 11, Ch. 1, Part 4 |
| New York | N.Y. Labor Law, Art. 5, tit. 1, § 162; Art. 6, § 190 *et seq.*<br>12 N.Y.C.R.R. § 142-2.2 |
| North Carolina | Wage & Hour Act: N.C. Gen. Stat., Ch. 95, Art. 2A, § 95.25.1 *et seq.*<br>N.C. Admin. Code, tit. 13, Ch. 12, § 12.0101 *et seq.* |
| Ohio | Ohio Rev. Code, tit. 41, §§ 4111.03, 4113.15, 4113.99 |
| Oklahoma | Okla. Payday Act: Okla. Stat., tit. 40, § 165.1 *et seq.* |

| | |
|---|---|
| | Okla. Admin Code §§ 380:30-1-7, 380:30-1-8, 380:30-1-14, 380:30-3-1, 380:30-3-2 |
| Oregon | Or. Rev. Stat., Ch. 653, § 653.010 *et seq.*, Ch 652, § 652.110 *et seq.*<br>Or. Admin. Rules, Chapter 839 |
| Pennsylvania | Minimum Wage Act of 1968: 43 Pa. Stat. Ann. § 333.01 *et seq.*<br>Wage Payment and Collection Law: 43 Pa. Stat. Ann. § 260.1 *et seq.*<br>Pa. Code of Regs., tit. 34, Ch. 231, §§ 231.41 – 231.43 |
| Rhode Island | R.I. Gen. Laws, tit. 28, Ch. 28-3, §§ 28-3-14, 28-3-15, Ch. 28-12, § 28-12-1 *et seq.*, Ch. 28-14, § 28-14-1 *et seq*. |
| South Carolina | S.C. Payment of Wages Law: Code of Laws 41-10-10 *et seq*. |
| Tennessee | Tenn. Code Ann. § 50-2-101 *et seq*. |
| Texas | Tex. Payday Act: Tex. Lab. Code Ann., Ch. 61, § 61.001 *et seq*.<br>Tex. Minimum Wage Act, Ch. 62, § 62.001 et seq. |
| Utah | Utah Code Ann., tit. 34, Chapters 27-28<br>Utah Labor Rules, R610 |
| Vermont | Vt. Stat. Ann., tit. 21, Chapter 5, § 303 *et seq*. |
| Virginia | Va. Ann. Code, tit. 40.1, Ch. 3, §§ 40.1-28.11, 40.1-29 |
| Washington | Minimum Wage Act: RCW § 49.46 *et seq*.<br>Rev. Code Wash.: §§ 49.12, *et seq.*, 49.48 *et seq*.<br>Wash. Admin. Code: 296-126 *et seq*.; 296-128 *et seq*. |
| West Virginia | West. Virginia Code: §§ 21-3-10A, 21-5-3, 21-5-4, 21-5-6, 21-5-9 – 21-5-13, 21-5C *et seq*.<br>Code of State Rules: 42 CSR 5, 42 CSR 8 |
| Wisconsin | Wis. Admin. Code Chapters DWD 272.01 *et seq.*, 274.01 *et seq*.<br>Wis. Stat.: Chapters 103.01 *et seq.*, 104.01 *et seq.*, 109.01 *et seq*. |