IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-4-14

| | |
|---|---|
| DANA ABOUD, WILLIAM HICKS, MICHAEL POROWSKI, and ALBERT SCHWEIZER, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES SCHWAB & CO., INC.,<br><br>Defendant. | No. 14 Civ. 2712 (PAC) |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION
OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION
SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS

Plaintiffs Dana Aboud, William Hicks, Michael Porowski, and Albert Schweizer (together, "Plaintiffs") and Class Members are current and former employees of Schwab who have worked in the position of Associate Financial Consultant ("AFC") or International CDT Financial Consultant ("Intl CDT-FC") in California from November 7, 2009 to February 15, 2014; the position of AFC or Intl CDT-FC in any state or territory other than California from November 7, 2010 to February 15, 2014; the position of CDT-FC/BET-FC ("CDT-FC") from November 7, 2010 to February 15, 2014; and/or the position of AT Sales Specialist or Sr. AT Sales Specialist ("ATS") from November 7, 2010 to February 28, 2011 (collectively, the "Covered Positions"). On April 16, 2014, Plaintiffs commenced this case as a putative class action under Federal Rule of Civil Procedure 23 and as a collective action under 29 U.S.C. § 216(b), claiming that Schwab classified them and employees in the Covered Positions as exempt

18483562v.1

from overtime requirements. Plaintiffs sought unpaid overtime wages, attorneys' fees and costs, interest, liquidated damages, and injunctive and declaratory relief.

After exchanging informal discovery to enable Plaintiffs to calculate damages and undertaking extensive and vigorous negotiations, the parties reached a settlement totaling $3.8 million. Decl. of Justin M. Swartz in Supp. of Pls.' Mot. for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Swartz Decl.") ¶¶ 10-12. The parties reached this settlement after a formal mediation under the supervision of a David Rotman, Esq., a well-known and experienced mediator in wage-and-hour law. *Id.* ¶ 11. During the next several months following the mediation, the parties negotiated the remaining terms of the settlement, which were memorialized in a formal settlement agreement ("Settlement Agreement"). *Id.* ¶ 12.

On June 30, 2014, this Court entered an Order preliminarily approving the settlement on behalf of the class set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Outten & Golden LLP and Shavitz Law Group, P.A. as Class Counsel, and authorizing notice to all Class Members. ECF No. 33.

On August 1, 2014, the Claims Administrator sent Court-approved notices to all Class Members informing them of their rights under the settlement, including the right to opt out or object to the settlement for Class Members in California where Rule 23 claims were brought, and of Class Counsel's intention to seek service awards for the Plaintiffs, up to one third of the settlement fund for attorneys' fees, and their out-of-pocket expenses. Swartz Decl., Ex. E (Morales Decl.) ¶ 8; Ex. F (Rule 23 Notice of Pendency); Ex. G (Non-Rule 23 Notice of Pendency). No Class Members objected to the settlement, and no Rule 23 Class Members opted out of the settlement. Swartz Decl., Ex. E (Morales Decl.) ¶¶ 12, 15.

On October 14, 2014, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval"). That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards"). On October 17, 2014 Schwab filed its Response to Plaintiff's Motion for Final Approval, Motion for Attorneys' Fees, and Motion for Service Awards.

The Court held a fairness hearing on October 29, 2014. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Awards, and the supporting declarations, Schwab's Response to Plaintiffs' Motion, the oral argument presented at the October 29, 2014 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the October 29, 2014 fairness hearing, and for good cause shown.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**CERTIFICATION OF THE SETTLEMENT CLASS**

1. For settlement purposes only and with no other effect on this Action, including no effect on the Action should the settlement not ultimately be approved or should the Settlement Effective Date[1] not occur, the Court finds that the proposed class of all persons who worked for Schwab in the position of AFC or Intl CDT-FC in California from November 7, 2009 to

---

[1] The "Settlement Effective Date" means the first day following the last of the following occurrences: (a) the date and time to appeal or seek permission to appeal or seek other judicial review of the entry of a Final Judgment approving the Settlement has expired with no appeal or other judicial review having been taken or sought; or (b) if an appeal or other judicial review has been taken or sought, the date the Final Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review, or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

3

February 15, 2014 (the "Rule 23 Class") meets the requirements for class certification under Federal Rule of Civil Procedure 23, as follows:

    a.    The California Plaintiff Dana Aboud (the "California Plaintiff") satisfies Federal Rule of Civil Procedure 23(a)(1) because there are approximately 115 Rule 23 Class Members.

    b.    The California Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because there are questions of law or fact common to the Rule 23 Class with respect to their wage and hour claims.

    c.    The California Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because the California Plaintiff's claims are typical of the Rule 23 Class Members' claims.

    d.    The California Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because he will fairly and adequately protect the interests of the Rule 23 Class; and Class Counsel Outten & Golden LLP ("O&G") and Shavitz Law Group, P.A. ("Shavitz Law Group") meet the adequacy requirement of Rule 23(a)(4).

    e.    The California Plaintiff satisfies Rule 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for an efficient adjudication of this controversy.

**APPROVAL OF THE SETTLEMENT AGREEMENT**

2.    The Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement.

4

18483562v.1

3.	Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). To determine procedural fairness, courts examine the negotiating process leading to the settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001). To determine substantive fairness, courts determine whether the settlement's terms are fair, adequate, and reasonable according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

***Procedural Fairness***

4.	The proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had conducted a thorough investigation and evaluated the claims and defenses, and after arm's-length negotiations between the parties. Swartz Decl. ¶¶ 5-13.

5.	These arm's-length negotiations involved counsel and a mediator well-versed in wage and hour law, raising a presumption that the settlement achieved meets the requirements of due process. *See Wal-Mart Stores*, 396 F.3d at 116; *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *4 (S.D.N.Y. Aug. 16, 2011).

***Substantive Fairness***

6.	The settlement is substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.

7.	The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages;

5

18483562v.1

(6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 495 F.2d at 463.

8. Litigation through trial would be complex, expensive and long. Therefore, the first *Grinnell* factor weighs in favor of final approval.

9. The class's reaction to the settlement was positive. No Class Member objected to the settlement, no Rule 23 Class Member opted out, and 85% of Class Members opted into the settlement. This favorable response demonstrates that the class approves of the settlement and supports final approval.

10. The parties have completed enough informal discovery to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004) (internal quotation marks omitted). Here, Plaintiffs obtained sufficient informal discovery to weigh the strengths and weaknesses of their claims and to accurately estimate the damages at issue. The third *Grinnell* factor weighs in favor of final approval.

11. The risk of establishing liability and damages further weighs in favor of final approval. "Litigation inherently involves risks." *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997). Indeed, the primary purpose of settlement is to avoid the uncertainty of a trial on the merits. *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969). Here, Plaintiffs faced numerous risks as to both liability and damages. The proposed settlement alleviates these uncertainties. This factor therefore weighs in favor of final approval.

12. The risk of obtaining collective and class certification and maintaining both

6

18483562v.1

through trial is also present. Settlement eliminates the risk, expense, and delay inherent in the litigation process. The fifth *Grinnell* factor weighs in favor of final approval.

13. Even if Schwab could have withstood a greater judgment, a "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 178 n.9 (S.D.N.Y. 2000) (alterations and citation omitted)). Thus, this factor is neutral and does not preclude the Court from granting final approval.

14. The substantial amount of the settlement weighs in favor of final approval. The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 178) (internal quotation marks omitted. "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The seventh *Grinnell* factor weighs in favor of final approval.

## APPROVAL OF THE FLSA SETTLEMENT

15. The Court hereby approves the FLSA settlement.

16. Because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date," FLSA collective actions do not implicate the same due process concerns as Rule 23 actions. *McKenna v. Champion Intern. Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984); *see Reyes*, 2011 WL 4599822, at *6. Accordingly,

the standard for approval of an FLSA settlement is lower than for a class action under Rule 23.

17. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982); *Reyes*, 2011 WL 4599822, at *6.

18. In this case, the settlement was the result of arm's-length negotiation involving vigorous back and forth. Swartz Decl. ¶¶ 8-13. During the entire process, Plaintiffs and Schwab were represented by counsel experienced in wage and hour law. Accordingly, the Settlement Agreement resolves a clear and actual dispute under circumstances supporting a finding that it is fair and reasonable.

## DISSEMINATION OF NOTICE

19. Pursuant to the Preliminary Approval Order, the Rule 23 and Non-Rule 23 Notices of Pendency ("Notices") were sent by first-class mail to each respective Class Member at his or her last known address (with re-mailing of returned Notices for which new addresses could be located). The Court finds that the Notices fairly and adequately advised Class Members of the terms of the settlement, as well as the right of Rule 23 Class Members to opt out of or to object to the settlement, and to appear at the fairness hearing conducted on October 29, 2014. Class Members were provided with the best notice practicable under the circumstances.

20. The Court further finds that the Notices and their distribution comported with all constitutional requirements, including those of due process.

21. The Court confirms CPT Group as the Claims Administrator.

## AWARD OF FEES AND COSTS TO CLASS COUNSEL AND AWARD OF SERVICE AWARDS TO PLAINTIFFS

22. On June 30, 2014, the Court appointed Outten & Golden LLP and Shavitz Law Group, P.A. as Class Counsel because they met all of the requirements of Federal Rule of Civil

8

18483562v.1

Procedure 23(g).

23. The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the Class and to representing the Class's interests. Class Counsel have committed substantial resources to prosecuting this case.

24. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $1,266,666.67, which is one third of the settlement fund.

25. The Court finds that the amount of fees requested is fair and reasonable using the "percentage-of-recovery" method, which is consistent with the "trend in this Circuit." *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010); *Wal-Mart Stores*, 396 F.3d at 121; *Reyes*, 2011 WL 4599822, at *7.

36. All of the factors in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 48-49 (2d Cir. 2000) weigh in favor of the requested fee award.

37. Applying the lodestar method as a "cross check," *see id.* at 50, the Court finds that the fee that Class Counsel seeks is reasonable. "Courts regularly award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher multipliers." *Beckman*, 293 F.R.D. 481 (citations omitted); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002) (listing nationwide class action settlements where multiplier ranged up to 19.6 times lodestar); *Sewell*, 2012 WL 1320124, at *13 ("Courts commonly award lodestar multipliers between two and six." (citations omitted)).

38. Here, the fees sought by Class Counsel, approximately 4.4 times their lodestar, falls within the range granted by courts.

39. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $19,068.28. Courts typically allow counsel to recover their reasonable out-of-

pocket expenses. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003). Here, Class Counsel's unreimbursed expenses, including court fees, postage fees, transportation, working meals, photocopies, and electronic research, and Plaintiffs' share of the mediator's fees are reasonable and were incidental and necessary to the representation of the class.

40. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the settlement fund.

41. The Court finds reasonable service awards of $7,500 each to Plaintiffs Dana Aboud, William Hicks, Michael Porowski, and Albert Schweizer. These amounts shall be paid from the settlement fund.

42. Service awards are common in class action cases and serve to "compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff[s]." *Yuzary*, 2013 WL 5492998, at *12. "Service awards fulfill the important purpose of compensating plaintiffs for the time they spend and the risks they take." *Id.* (citing *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012)).

43. The Settlement does not constitute an admission or concession by Schwab, nor does this Order constitute any finding of any kind as to the validity of any claims asserted in the Action or of any wrongdoing on the part of Schwab. Furthermore, the Settlement shall not be used in any way or for any purpose as an admission of any fault, omission, or wrongdoing on the part of Schwab.

44. By no later than five business days after the date of the Settlement Effective Date,

10

18483562v.1

the Claims Administrator shall:

    a.    Remit to Class Counsel the payment for attorneys' fees of one-third of the fund ($1,266,66.67) and for $19,068.28 in litigation costs and expenses;

    b.    Mail service awards of $7,500 each to Plaintiffs Dana Aboud, William Hicks, Michael Porowski, and Albert Schweizer; and

    c.    Mail the Settlement payments to eligible Class Members.

45. The Court approves CPT as settlement administrator and approves $26,500 in administration costs.

46. The Class Representatives and all Class Members who returned a Consent to Join Settlement and Claim Form are deemed to have forever released and discharged the Class Members' Released Federal Law Claims and the Class Members' Released State Law and Non-FLSA Federal Law Claims as set forth in the Settlement Agreement. The Claim Forms may remain in the possession of the Claims Administrator and need not be filed with the Court.

47. As of the Settlement Effective Date, all Rule 23 Class Members who did not timely exclude themselves are hereby forever barred and enjoined from commencing, prosecuting, or continuing to prosecute, either directly or indirectly, against Schwab, in this or in any jurisdiction or forum any of the Class Members' Released State Law and non-FLSA Federal Law Claims as set forth in the Settlement Agreement.

48. The Class Representatives are deemed to have forever released and discharged all claims as set forth in the Settlement Agreement.

49. The Court hereby dismisses this Action with prejudice. Without affecting the finality of this Order in any way, the Court hereby retains continuing jurisdiction over the Settlement to ensure its proper administration. The Court may enter additional orders to effectuate the fair and orderly administration of the Settlement as may from time to time be

appropriate. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

50.  By means of this Final Approval Order, the Court hereby enters Final Judgment as defined in Rule 58 of the Federal Rules of Civil Procedure.

It is so ORDERED this 4th day of Nov, 2014.

_____
Honorable Paul A. Crotty
United States District Judge